**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gus CASTILLO et al., Defendants-Appellants.**

**No. 29506.**

United States Court of Appeals, Fifth Circuit.

Oct. 26, 1971.

Rehearing Denied Nov. 16, 1971.

Frank Ragano, Raymond E. LaPorte, Ragano & LaPorte, Miami, Fla., for defendants-appellants.

Robert W. Rust, U. S. Atty., Lloyd G. Bates, Jr., Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before TUTTLE, DYER and SIMPSON, Circuit Judges.

PER CURIAM:

The court has withheld judgment with respect to this appeal pending the decision by the United States Supreme Court of the case of United States v. White, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453.

The Supreme Court, in the White case, has now decided: "Concededly a police agent who conceals his police connections may write down for official use his conversations with the defendant and testify concerning them, without a warrant authorizing his encounters with the defendant and without otherwise violating the latter's Fourth Amendment rights. Hoffa v. United States, 385 U.S. 293, 300–303 [87 S.Ct. 408, 412–414, 17 L.Ed.2d 377]. For constitutional purposes, no different result is required if the agent instead of immediately reporting and transcribing his conversations with defendant, either (1) simultaneously records them with electronic equipment which he is carrying on his person, Lopez v. United States, supra [373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462]; (2) or carries radio equipment which simultaneously transmits the conversations either to recording equipment located elsewhere or to other agents monitoring the transmitting frequency." [1]

 This is principally what this appeal is all about. Other than the contention that there was not sufficient evidence with respect to one of the appellants to permit the case to go to the jury, a contention which we find to be without merit, this was the only substantial issue in the case.[2] In light of the Supreme Court decision, therefore, we conclude that the judgment of the trial court must be affirmed.

---

1. This decision by the Supreme Court coincides with our case of Koran v. United States, (5th Cir. 1969) 408 F.2d 1321.

2. Appellant did argue that the procedure followed by the law officers violated Florida law. However, the fact that it may be in violation of state law does not deprive the evidence of its admissability in a federal court trial, cf. Lee v. United States, 343 U.S. 747 at 754, 72 S.Ct. 967, 96 L.Ed. 1270.