**UNITED STATES of America,
Plaintiff,**

v.

**Albert Martin SHAFFER, Jr., aka
"Monk" and Basil Vespe,
Defendants.**

**Crim. A. No. 74-71.**

United States District Court,
D. Delaware.

Sept. 23, 1974.

Ralph F. Keil, U. S. Atty., and Bruce L. Thall, Asst. U. S. Atty., Wilmington, Del., for plaintiff.

David Snellenburg, II, Wilmington, Del., for defendant Shaffer.

Henry A. Wise, Jr., Wilmington, Del., for defendant Vespe.

## MEMORANDUM OPINION AND ORDER

LATCHUM, Chief Judge.

Defendants Albert Martin Shaffer, Jr., also known as "Monk," and Basil Vespe have moved to dismiss[1] a four count indictment that was returned against them on August 6, 1974, charging a violation of 18 U.S.C. § 1952(a)(3)[2] and of 18 U.S.C. § 371.[3]

---

1. Shaffer's motion to dismiss was timely filed under this Court's Rule 50(b) Plan, Sec. 3(a)(2) on August 12, 1974 and was briefed and argued on September 12, 1974. Vespe's motion was untimely filed on September 12, 1974 and ordinarily would have been barred from consideration, yet since it is identical to Shaffer's motion, the Court will consider both motions in this opinion.

2. 18 U.S.C. § 1952(a)(3) states, in relevant part:

"(a) Whoever travels in interstate . . . commerce or uses any facility in interstate . . . commerce, . . . with intent to—

\* \* \* \* \*

(3) otherwise promote, manage, establish, carry on or facilitate the promotion, management, establishment, or carrying on of any unlawful activity,

The first count charges Shaffer with traveling in interstate commerce on or about July 10, 1974, in violation of 18 U.S.C. § 1952(a)(3).[4] The second and third counts charge Shaffer with using a facility in interstate commerce, viz., a telephone, on or about July 12, 1974 and July 22, 1974, respectively, in violation of 18 U.S.C. § 1952(a)(3). The fourth count charges both Shaffer and Vespe with willfully and knowingly conspiring to violate 18 U.S.C. § 1952(a)(3), in violation of 18 U.S.C. § 371.[5] This Court is asked to dismiss the indictment under Rule 7(c), F.R.Crim.P., on the ground that it fails to sufficiently charge any offense.

An indictment is constitutionally defective if it does not "contain the elements of the offense intended to be charged, . . . sufficiently apprise the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, . . . show with accuracy to what extent he may plead a former acquittal or conviction." Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 419, 76 L.Ed. 861 (1932). Rule 7(c) is intended to implement these constitutional standards. United States

v. American Oil Co., 249 F.Supp. 799, 807 (D.N.J.1966); Cf. Russell v. United States, 369 U.S. 749, 760–64, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). Prior courts, when confronted with the issue of the sufficiency of an indictment charging a substantive offense arising under 18 U.S.C. § 1952(a)(3), have held that the essential element of the crime is traveling in interstate commerce, or the use of a facility of interstate commerce with the intent to facilitate the performance or attempt to perform a state crime, and, consequently, that the alleged "performance thereafter" need not be stated with the same specificity. United States v. Teemer, 214 F.Supp. 952, 956–57 (N.D.W.Va.1963); United States v. Nichols, 421 F.2d 570, 573–74 (C.A.8, 1970). In light of this authority, defendants' contention that Counts I, II and III are void because they do not state "the alleged illegal activities, the language of the threats, and the sum or sums sought to be extorted," is without merit.[6]

Defendants also object to Count IV on the general ground that it "fails to properly charge an offense." An indictment charging a conspiracy is sufficient if it alleges an agreement, and

and thereafter performs or attempts to perform any of the acts specified in subparagraph . . . (3) . . . .
(b) As used in this section, 'unlawful activity' means . . . (2) extortion . . . in violation of the laws of the State in which committed . . . ."

3. 18 U.S.C. § 371 states, in relevant part: "If two or more persons conspire . . . to commit any offense against the United States, . . . and one or more of such persons do any act to effect the object of the conspiracy . . . ."

4. The alleged "unlawful activity" was "extortion, to-wit, obtaining monies from JOSEPH REMEDIO through threats of physical injury and property damage, in violation of 11 Del.Code § 846(1) and (2), . . . ."
11 Del.Code § 846(1) and (2), state: "A person commits extortion when, with the intent [to deprive another person of his property or to appropriate it] he compels or induces another person to deliver property to himself or to a 3rd person by means of

instilling in him a fear that, if the property is not so delivered, the defendant or another will:
(1) Cause physical injury to anyone; or
(2) Cause damage to property; . . . ."

5. Count IV charges that from on or about July 3, 1974, up to and including July 22, 1974, the defendants willfully and knowingly conspired with one another to travel in interstate commerce to obtain monies from Joseph Remedio through threats of physical injury and property damage, in violation of 11 Del.Code §§ 846(1) and (2) and to use a facility in interstate commerce, that is a telephone, for the same purpose. The performance of eight overt acts in furtherance of the conspiracy is also alleged.

6. It is noted that on or about September 12, 1974 the Assistant United States Attorney voluntarily turned over to the attorneys for the defendants the taped telephone recordings allegedly containing some of the extortion threats.

identifies both the object towards which the agreement is directed and an overt act. United States v. Borland, 309 F. Supp. 280, 286 (D.Del.1970).[7] Since the fourth count manifestly contains these three elements, defendants' objection is without merit. Accordingly, the defendants' motions will be denied.

## ORDER

For the reasons stated above, it is ordered that the defendants' motions to dismiss are hereby denied.

7. Although it is not necessary that the indictment state the object of the agreement with the detail required of an indictment charging the substantive offense, *Id.*, Count IV incorporates verbatim the wording of the three substantive counts of the present indictment.