UNITED STATES of America

v.

Albert Martin SHAFFER, Jr., a/k/a "Monk", and Basil Vespe.

Appeal of Basil VESPE.

No. 75–1213.

United States Court of Appeals, Third Circuit.

Argued June 24, 1975.

Decided July 17, 1975.

Certiorari Denied Jan. 12, 1976. See 96 S.Ct. 779.

Victor F. Battaglia, William H. Uffelman, Biggs & Battaglia, Wilmington, Del., for appellant.

W. Laird Stabler, Jr., U. S. Atty., Alan J. Hoffman, Asst. U. S. Atty., Wilmington, Del., for appellee.

Before VAN DUSEN, ROSENN and WEIS, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

The defendant appeals from his sentence on a conviction for extortion and conspiracy to commit extortion in violation of 18 U.S.C. § 1952(a)(3) and 18 U.S.C. § 371. The district court wrote two opinions: *United States v. Vespe*, 389 F.Supp. 1359 (D.Del.1975); *United States v. Shaffer*, 383 F.Supp. 339 (D.Del.1974), which contain the background facts.

In his first argument for reversal, the defendant strongly urges us that the district court committed reversible error in one of the cautionary remarks it made in the course of the trial. At that point in the trial, the Government sought to introduce the out-of-court declarations of Vespe's deceased co-defendant, Shaffer, through the testimony of the complaining witness, Remedio. Counsel for Vespe objected that the Government had not yet proved prima facie Vespe's participation in a conspiracy by proof *aliunde*. *United States v. DeLazo*, 497 F.2d 1168, 1170 (3d Cir. 1974). The district court admitted the testimony, subject to its being stricken if the Government failed subsequently, by proof *aliunde*, to demonstrate prima facie Vespe's connection with a conspiracy, with the following precautionary instruction:

> "Now, members of the jury: This is a conspiracy case and what has just been testified to is an alleged statement by a co-conspirator, Shaffer. You may not take into consideration—I have permitted this evidence to be admitted, subject to being stricken later if it is not proven by the Government that there was a conspiracy that existed between Mr. Vespe and Mr. Shaffer. If there was a conspiracy and that is proven by independent evidence, aside from any declarations made by Shaffer, then you may consider that evidence. But you cannot consider the evidence until the Government has proven that there was actually a conspiracy between Shaffer and Vespe, because a declaration of Shaffer could not be held against Vespe under the rules of evidence in a court of law in the United States.

> "So I have admitted this evidence as to the declarations by Shaffer subject to the Government's proof that there was a conspiracy in existence between Shaffer and Vespe."

N.T. 121–22 (quoted, 389 F.Supp. at 1370). The defendant contends that the second sentence in this precautionary instruction left the impression in the minds of the jurors that the conspiracy would have been proven if the court did not subsequently strike the evidence. Since the court did not subsequently strike the evidence, the defendant argues that the jury was in effect directed to find the defendant guilty.

█ If the second sentence stood alone, we would have to agree that it improperly usurped the jury's function in determining whether Vespe and Shaffer had conspired. However, the offending sentence was embedded in a long trial in which the instructions to the jury, when read as a whole, on the co-conspirator

rule were not only consistent with due process but were actually favorable to the accused. The remainder of the precautionary instruction quoted above in particular, suggests that the Government must prove *to the jury* that a conspiracy existed between Vespe and Shaffer before they may consider Shaffer's hearsay declarations as evidence against Vespe. To the same effect was the court's final charge:

"In determining whether a conspiracy existed, the jury should consider the actions and declarations of all of the alleged participants. However, in determining whether a particular defendant was a member of the conspiracy, if any, the jury should consider only his acts and statements. He cannot be bound by the acts or declarations of other participants until it is established that a conspiracy existed, and that he was one of its members.

.   .   .   .   .

"Whenever it appears beyond a reasonable doubt from the evidence in the case that a conspiracy existed, and that a defendant was one of its members, then the statements thereafter knowingly made and the acts thereafter knowingly done, by any person likewise found to be a member, may be considered by the jury as evidence in the case as to the defendant found to have been a member, even though the statements and acts may have occurred in the absence and without the knowledge of the defendant, provided such statements and acts were knowingly made and done during the continuance of such conspiracy, and in furtherance of some object or purpose of the conspiracy.

"Otherwise, any admission or incriminatory statement made or act done outside of court, by one person, may not be considered as evidence against any person, who was not present and who did not hear the statement made, or see the act done.

"Therefore, statements of any conspirator, which are not in furtherance of the conspiracy, or made before its existence, or after its termination, may be considered as evidence only against the person who made them." [1]

N.T. 743, 747–48 (quoted, 389 F.Supp. at 1371). By instructing the jury that they had to find beyond a reasonable doubt that Vespe was connected with a conspiracy before they could consider Shaffer's declarations against him, the court in effect required the Government to meet its burden on the basis of the proof *aliunde* alone. If the proof *aliunde* did not convince the jury of Vespe's guilt beyond a reasonable doubt, the court's charge did not allow them to resolve their doubts through the use of Shaffer's declarations. Because the court's final charge thus required the Government to meet its burden by proof *aliunde*, we believe that any prejudice which may have been caused by the court's earlier precautionary instruction was ultimately nullified, so that reversible error was not committed.

■ A second argument advanced by the defendant also deserves some discussion. The defendant contends that because it violated Delaware law for Delaware police officers to record his telephone conversations with Remedio, the recordings should not have been admitted into evidence. 11 Del.C. § 1335 (quoted in part, 389 F.Supp. at 1372 n. 10) provides in part:

"A person is guilty of violation of privacy when, except as authorized by law, he   .   .   ..

(4) Intercepts without the consent of all parties thereto a message by telephone   .   .   .   including private conversations.

The district court found, first, that § 1335 does not prohibit a party to a telephone conversation to record it, and second, that even if § 1335 were violated, it would have no effect on the admissibility of the recordings in federal court.

---

1. The last three paragraphs of the above-quoted instruction are in accordance with § 29.06 of Devitt & Blackmar, Federal Jury Practice and Instructions (2d ed.). See also cases cited in 1974 Pocket Part to that volume and Supplemental Service Pamphlet No. 1 (1974–1975); *cf. United States v. Bey*, 437 F.2d 188, 191–92 (3d Cir. 1971).

389 F.Supp. 1372–73. Because we agree with the second ground for the district court's decision, we need not address the question of the proper construction of § 1335.

■ It is thoroughly settled that, in criminal cases, the federal district courts will decide evidence questions on the basis of federal, rather than state law. *United States v. Armocida,* 515 F.2d 49, at 52 (3d Cir. 1975); *United States v. Vespe, supra* at 1372–73 (citing cases). *Cf. United States v. Bedford,* 519 F.2d 650 at 654–655 (3d Cir. 1975). This rule is grounded in sound policy considerations. If the states could require federal courts to exclude evidence in federal criminal cases, some convictions would undoubtedly be lost, and the enforcement of congressional policy would be weakened.

We recently decided that "the warrantless recording of a telephone conversation with the consent of only one of the parties is perfectly proper under federal law . . .." *United States v. Armocida, supra,* 515 F.2d at 52. The defendant, however, inveighs against the creation of a situation in which the federal courts approve violations of Delaware law by Delaware police officers. In considering this argument, we note initially that the FBI had become involved in the case before Remedio's phone was tapped. 389 F.Supp. at 1364. In this situation, it is difficult to understand how Delaware's policy of protecting its residents' privacy could be served by excluding the evidence developed by the Delaware officers at the request of Remedio, a Delaware citizen. Such a holding would simply force the FBI to do the tapping in similar cases in the future, which would be clearly permissible under our holding in *United States v. Armocida, supra,* and which would be indistinguishable from the point of view of the person whose call was intercepted, from the taps in the case before us. Furthermore, Delaware can, if it chooses enforce its policy with respect to its own officers through the use of civil suits against persons who violate § 1335. For these reasons, we have concluded that the possible harm caused to Delaware's policy occasioned by admission of the wiretap evidence in the case before us is greatly exaggerated by the defendant, and should not deter us from enforcing federal standards of admissibility.

We have carefully considered all the other contentions raised by the appellant, and have found them to be without merit.[2] Accordingly, the judgment of the district court will be affirmed.

---

2. The remaining contentions include the following:

(1) After the court had erred in directing the jury that if Shaffer's statements were not stricken, conspiracy had been proven, the court compounded its original error by instructing the jury to find the defendant guilty if it was satisfied that Vespe acquiesced in the conduct of Shaffer (no objection was made to the court's instructions after the charge—see N.T. 676–77 & 759 and Document 18 in Crim. No. 74–71, D.Del., Third Request for Instructions);

(2) the court erred in admitting the out-of-court statements of Albert Shaffer as against the defendant Vespe;

(3) the defendant is entitled to a judgment of acquittal because, based on evidence, a verdict of guilty could be achieved only by premising improbable inference upon improbable inference;

(4) the defendant is entitled to a new trial by reason of improper, incorrect, and prejudicial statements made by the prosecuting attorney and because of the failure of the prosecuting attorney to correct testimony which he knew, or should have known, was prejudicial and incorrect;

(5) the defendant is entitled to judgment of acquittal for the reason that the conduct complained of is not within 18 U.S.C. § 1952;

(6) the charge against the defendant Vespe should have been dismissed because of fatal variances between the allegations in the indictment and the proof;

(7) the court committed fundamental and prejudicial error in instructing the jury that the defendant had the burden of proving that the debt sought to be collected by Vespe was Vespe's property (see N.T. 736–40 and 751–52, which are not inconsistent with *Mulaney et al. v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) and page 3 of Document 18 in Crim. No. 74–71, D.Del.; see also parentheses under (1) above).