UNITED STATES of America,

v.

Felipe BONILLA ROMERO.

Crim. No. 86–83(PG).

United States District Court,
Puerto Rico.

July 2, 1986.

Juan A. Pedrosa, Asst. U.S. Atty., San Juan, P.R., for plaintiff.

Francisco López Romo, Old San Juan, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

Upon the arrest of defendant Felipe Bonilla Romero by local officers on September

18, 1985, and the search of his residence, also by state officials, on September 19, 1985, charges were brought against him at state and federal forums.

As to the charges on the federal forum, on February 19, 1986, the grand jury returned a five-count indictment against defendant. The indictment charges Bonilla Romero thru counts one and two for possession with intent to distribute on September 19, 1985, approximately 140.26 grams of cocaine in violation of 21 U.S.C. § 841(a)(1), and for possession with intent to distribute on September 19, 1985, approximately 181.13 grams of heroin also in violation of 21 U.S.C. § 841(a)(1). In counts three and four he has been charged for receiving on September 18, 1985, a firearm (a Baretta pistol .380 caliber, serial B74400Y, model 84–B) shipped and transported in interstate commerce in violation of 18 U.S.C. § 922(h)(1) and 924(a), and for carrying a firearm (Colt pistol caliber .45, serial 1844G70) on September 19, 1985, during and in relation to the commission of a crime of violence (the possession of narcotics with intent to distribute) in violation of 18 U.S.C. § 924(c). In count five he is charged for having received a pistol (Colt) on September 19, 1985, in violation of 18 U.S.C. § 922(h)(1) and 924(a) since defendant has been convicted for felonies.

On May 12, 1986, the case was called for jury trial. At that time defendant requested continuance of the trial and that in turn a hearing on a motion to suppress filed on May 6, 1986, be held.

Upon defendant's petition the motion to suppress was scheduled for and held on May 13, 1986. At the time arguments were heard from the parties.

At the conclusion of the proceedings on said motion to suppress defendant moved the Court to hold its decision on the matter until the state court ruled on a motion to suppress filed at the state court level. The matter was taken under advisement. Thereafter, the opinion rendered by the state court on the motion to suppress was forwarded to this Court and filed on May 19, 1986.

Defendant maintains that in view of the state court decision[1] the evidence seized from the defendant on September 18 and September 19, 1985, must be suppressed in the federal court. It is contended that the evidence is not admissible since, as determined by the state court judge, there was no probable cause to arrest the defendant and the search of defendant's home on September 19, 1985, was invalid because the search warrant was predicated on false statements.

■ The threshold question in this matter is one which pertains to the independence of judgment of the federal court based on its own appraisal of the evidence.

As stated by the Court of Appeals for the First Circuit in the case of *United States v. Quiñones*, 758 F.2d 40, 43 (1st Cir.1985) "[I]t is well settled that in federal prosecutions evidence admissible under federal law cannot be excluded because it would be inadmissible under state law. Thus, it is a general rule that the federal district courts will decide evidence questions in federal criminal cases on the basis of federal, rather than state law." *United States v. Rickus*, 737 F.2d 360, 363 (3rd Cir.1984).

This is a case involving a federal crime, and federal law governs the admissibility of evidence in federal trials. Accordingly, the district court must pass on this issue with independence of the state court.

If the states could require federal courts to exclude evidence in federal criminal cases, some convictions would undoubtedly be lost and the enforcement of congressional policy would be weakened. *United States v. Shaffer*, 520 F.2d 1369, 1372 (3rd Cir.1975), *cert. denied*, 423 U.S. 1051 [, 96 S.Ct. 779, 46 L.Ed.2d 640] (1976).

We must pass to ascertain whether under federal law the evidence obtained is

1. The decision ordering that evidence be suppressed was rendered by the Hon. Arnaldo López, Puerto Rico Superior Court Judge, Ponce Part.

inadmissible and subject to suppression as defendant contends.

As the Supreme Court has stated:

In determining whether there has been an unreasonable search and seizure by state officers, a federal court must make an independent inquiry, whether or not there has been such an inquiry by a state court, and irrespective of how any such inquiry may have turned out. The test is one of federal law, neither enlarged by what one state court may have countenanced, nor diminished by what another may have colorably suppressed. *Elkins v. United States,* 364 U.S. 206, 223–24 [, 80 S.Ct. 1437, 1447–48, 4 L.Ed.2d 1669] (1960).

Aware that the admissibility of evidence against a defendant charged with a federal crime is always to be determined independently by the federal court, *United States v. Mastrangelo,* 733 F.2d 793, 799 (11th Cir.1984), we pass to analyze whether the evidence obtained by state officers to be used against defendant in the federal forum was obtained by an unreasonable search and seizure as defendant avers. *Elkins v. United States,*[2] *supra; Preston v. United States,* 376 U.S. 364, 366, 84 S.Ct. 881, 882, 11 L.Ed.2d 777 (1964); *United States v. Combs,* 672 F.2d 574, 578 (6th Cir.), *cert. denied,* 458 U.S. 1111, 102 S.Ct. 3495, 73 L.Ed.2d 1374 (1982); *United States v. Castillo,* 449 F.2d 1300, 1301 n. 2 (5th Cir.1971).

Therefore, we will make an independent finding concerning the probable cause for arrest on September 18, 1985, and the reasonableness of the search warrant that was issued and executed on September 19, 1985. Through our own independent evaluation we must determine whether the evidence was obtained in an illegal way and with reckless disregard for the truth.

At the hearing held before us on the motion to suppress,[3] the Court received the testimonies of Agents Caín Santiago Figueroa and Angel Luis Negrón Santiago, the two agents who offered affidavits in support for the search warrant. The testimonies of Miguel A. Cochrán Acosta, defendant's attorney in state court proceedings, and that of defendant himself were also received.

We have examined and weighed the witnesses' credibility, *United States v. Baldacchino,* 762 F.2d 170, 175 (1st Cir.1985); *United States v. Jobin,* 535 F.2d 154, 157 (1st Cir.1976), in reporting the findings which follow.

Agent Caín Santiago has been an agent at the Drugs and Narcotics Division in Ponce and has been a police officer with that unit for a period of four years (Tr. 32). He testified that his supervisor, Sergeant Pedro F. Arévalo instructed him to conduct a surveillance of defendant's house (Tr. 35–36)[4] in relation to illegal activities that were being carried out there. He stated that on September 18, 1985, he proceeded to conduct a surveillance from a white van prepared for this type of operations (Tr. 61), which he parked in front of defendant's residence at a distance of 25 to 30 feet. The van offered clear visibility from inside out but not from outside in (Tr. 61). While conducting this surveillance on September 18, 1985, in less than two hours he witnessed two transactions (Tr. 46–47) which, given his experience (Tr. 60), appeared to be related to controlled substances.

Two vehicles went there in the morning. The first, a beige color Champ, parked parallel to where the official vehicle (Van) was parked. He described how a man entered defendant's home and around five minutes later came out carrying a small plastic transparent bag containing a white powder

**2.** The Supreme Court explicitly stated as follows:

The question whether evidence obtained by state officers and used against a defendant in a federal trial was obtained by unreasonable search and seizure is to be judged as if the search and seizure had been made by federal

officers. *Elkins v. United States,* 364 U.S. at 206 [, 80 S.Ct. at 1437] (1960).

**3.** Transcript of proceedings was filed on May 14, 1985.

**4.** He gave a thorough description of defendant's house (Tr. 60).

inside. He was unable to jot down the license plate number since the driver pulled out in reverse (Tr. 62).

Thereafter, another vehicle, which the witness described as a white colored Mitsubishi, came and parked in front of defendant's residence (Tr. 62). The individual called and defendant came out. After they conversed defendant Bonilla handed over a plastic bag containing white powder while the man handed over an amount of money to defendant (Tr. 63). The agent stated that given the position in which the vehicle was parked he was able to observe and jot down the license plate number (Tr. 63). He called and the vehicle was reported stolen (Tr. 49, 54, 63–64). At this point the agent then decided to go to the drug division and inform his supervisor, Sergeant Pedro F. Arévalo, about what had happened (Tr. 47, 64). Later on, he returned to the site. Agent Angel Luis Negrón Santiago drove, and upon arrival Agent Caín Santiago remained and Agent Negrón Santiago left.

While there and in the early afternoon, Agent Caín Santiago saw defendant coming out of his residence and getting to his car, which was parked in front of the residence. The agent stated he saw defendant carrying on the left side of his waist a black colored pistol (Tr. 64). Knowing that defendant Bonilla Romero had been convicted and as such was impeded from carrying a firearm, he gave the information over the radio to Agent Negrón (Tr. 64). Later on he found that defendant had been arrested and that a gun had been occupied along with two small plastic envelopes containing a white powder (Tr. 66) similar to the ones he had seen before in the morning of September 18, 1985, while effecting the surveillance ordered by Sergeant Arévalo (Tr. 66).

On that day, September 18, 1985, defendant was taken before Magistrate Prudencio Collazo Padín (Tr. 68); he admitted that the pistol and the drug seized belonged to him.

For the illegal reception of said gun, which was occupied during the arrest on September 18, 1985, defendant is charged in count three of the indictment under 18 U.S.C. § 922(h)(1) and 924(a).

■ We find there was probable cause for defendant's arrest. Concerning an arrest, "probable cause exists when the facts and circumstances within the [arresting officers'] knowledge ... are sufficient in themselves to warrant a man of reasonable caution in the belief that the suspect has committed or was committing an offense". *Draper v. United States*, 358 U.S. 307, 313, 79 S.Ct. 329, 333, 3 L.Ed.2d 327 (1959).

The agent testified that during the surveillance of defendant's residence he witnessed defendant carrying a pistol as the defendant was leaving his home the afternoon of September 18, 1985. The observation by the agent of this concrete illegal act is the fact which brings about defendant's arrest on September 18, 1985. This fact was transmitted thru the radio, the defendant was followed and thereafter arrested by police officers.

We now turn to the facts pertaining to September 19, 1985. On this day Agent Caín Santiago gave a sworn statement before the Honorable Victor Rodriguez Bou[5] on the facts which occurred the prior day, September 18, 1985. He met with the judge (Tr. 38) and spoke to him about the facts of September 18, 1985 (Tr. 39), and also told him that his sources were reliable (Tr. 37). The common proceedings were followed, the judge verified the affidavit, and after reading and checking it signed the search warrant (Tr. 88).

The testimony of Agent Angel Luis Negrón Santiago corroborates Agent Caín Santiago's testimony. Agent Negrón Santiago was at the drug division in Ponce with Sergeant Arévalo and two other agents[6] on September 18, 1985, when Agent Caín returned to the office in the morning of that day (Tr. 90–91). He heard

---

**5.** He indicated that he has appeared on a great number of occasions before Judge Rodríguez Bou (Tr. 72).

**6.** These two other agents were identified to be Sergeant Ortiz and Agent Campos Camacho.

when Agent Caín Santiago told Sergeant Arévalo about the stolen car incident while conducting the surveillance of defendant's residence in the morning (Tr. 91). The witness explained that additional details of what happened that morning were given to the supervisor with whom agent Caín Santiago met out of their presence (Tr. 96).

Agent Negrón relates, offering further corroboration to what was declared by Agent Santiago, that he drove him back to continue the surveillance of defendant's home on September 18, 1985, and that later on he was called thru the radio by Agent Caín Santiago to inform that defendant was leaving his home carrying a firearm.[7]

On September 19, 1985, Agent Negrón, along with Agent Caín Santiago, appeared before a state magistrate (Honorable Rodríguez Bou) to give the statements that gave rise to the search warrant (Tr. 101).

Defendant contends that the affidavit of Agent Caín Santiago is insufficient to establish probable cause to obtain the search warrant. He raises the possibility that the warrant is stale. He avers that the affidavit given by Caín Santiago is undated, that the same does not establish the date when the supervisor instructed him to commence the surveillance of defendant's residence, and that the affidavit fails to state when Agent Caín made the alleged observations. He relies on a number of cases and cites Puerto Rican and federal jurisprudence on the point.[8]

◼ Jurisprudence cited by plaintiff makes it clear that the date when the facts were observed is essential in order to provide the judge a concrete element which would enable him to determine whether said date is too remote, or on the contrary, to conclude that there is still a possibility that the evidence sought to be seized may still be in the place to be searched. Since probable cause is required for the issuance

of the search warrant, it is important to know the date of the observed facts to determine whether those facts are remote because, if they are, it cannot be reasonably stated that probable cause exists at the time the search warrant is requested.

The crux of the problem is whether or not there was probable cause at the time the search warrant was issued.

◼ Can we say that here there was no probable cause for the search? The probable cause determination in response to the motion to suppress must be made upon the basis of the information which was presented to the magistrate at the time the warrant was issued. 1, Wayne La Fave, *Search and Seizure*, § 3.1, at 447 (1978).

In ascertaining whether probable cause exists recent federal jurisprudence calls for a "totality of the circumstance" test. *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The *Illinois v. Gates, supra,* decision establishes that the probable cause standard is a "practical non technical conception" and a fluid concept not readily reduced to a neat set of legal rules.

◼ Under this standard the Court is called upon to decide whether the evidence viewed as a whole provided substantial basis for the magistrate's determination of probable cause. *Massachusetts v. Upton,* 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984). This substantial basis standard of review embodies a great deference to a magistrate's probable cause determination. *United States v. Seybold,* 726 F.2d 502, 503 (9th Cir.1983).

It is now settled that the duty of a reviewing court is simply to insure that the magistrate had a substantial basis for concluding that probable cause existed. *Illinois v. Gates, supra.* We now turn to the facts contained in the affidavit.

---

7. These facts led to defendant's arrest on that day on which evidence was seized and which defendant admitted belonged to him (Tr. 119).

8. Defendant cites: *Figueroa v. Tribunal Superior,* 72 P.R.R. 23, 24 (1951); *Pueblo v. Tribunal Superior,* 91 D.P.R. 19 (1964); *SGRO v. United States,* 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932); *United States v. Chesher,* 678 F.2d 1353 (9th Cir.1982); *United States v. Beltempo,* 675 F.2d 472 (2nd Cir.1982); *United States v. Johnson,* 461 F.2d 285 (10th Cir.1972).

■ In the instant case the affidavit of Agent Caín Santiago describes facts which are evidently related to drug trafficking. In ascertaining the probability of an illegal activity being carried out, the conduct described and the agent's expertise cannot be neglected. An officer is able to identify some illegal substance by sight given his training or experience in making that type of identification. *United States v. Rosario*, 638 F.2d 460, 462 (2nd Cir.1980), *cert. denied*, 450 U.S. 1000, 101 S.Ct. 1707, 68 L.Ed.2d 202 (1981); *United States v. Canieso*, 470 F.2d 1224, 1228 (2nd Cir.1972). Through testimony it was established that Agent Caín Santiago is an experienced officer. It is clear that actions and things observed by an experienced law enforcement officer may have more significance to him in determining whether the law is being violated at a given time and place than they would have to a layman. *United States v. McClard*, 333 F.Supp. 158, 168 (E.D.Ark.1971), *aff'd.*, 462 F.2d 488, (8th Cir.1972), *cert. denied*, 409 U.S. 988, 93 S.Ct. 345, 34 L.Ed.2d 255 (1972). This is precisely what the agent declared he observed on the morning of September 18, 1985, while conducting the surveillance of defendant Felipe Bonilla Romero's residence, facts that he communicated to his supervisor and which he incorporated in his affidavit.

The exchange which took place and the substance described in the plastic bags conform to a pattern indicative of a narcotics transaction, *United States v. Green*, 670 F.2d 1148, 1152–1153 (D.C.Cir.1981), and of an ongoing criminal activity taking place.

The declaration of Agent Caín Santiago describes with sufficient precision a type of activity which justifies the issuance of the search warrant. Defendant's main challenge is that the declaration makes no reference to the date when the facts were observed and contends that, therefore, there was no probable cause to issue the warrant.

Under *Gates, supra*, we must look to the totality of the circumstances and to the affidavit as a whole, *United States v. Sorrells*, 714 F.2d 1522, 1528 (11th Cir.1983).

We find that in the instant case two declarations were presented before the magistrate. These two declarations must be examined jointly since they compliment each other. The date clearly appears in the declaration offered by Agent Negrón Santiago.

It is not disputed that at what time the facts occurred is critical in determining whether there is probable cause to search. In the case at hand from the combined analysis of both declarations it appears that the events narrated by Agent Caín Santiago were observed on September 18, 1985, since the averments of both declarations interlock. It appears then that the magistrate to whom the affidavits were presented could easily ascertain the date of the facts narrated. Thus, there is a clear indication of when affiant Caín Santiago witnessed the transactions. Therefore, the timeliness of the probable cause is not undermined.

It has been held that when a statement made in affidavit in support of a request for a search warrant does not contain the date of the alleged facts and it is factually interrelated with other information which does contain a date then the inference that the events took place in close proximity to the date given is permissible. *United States v. Holliday*, 474 F.2d 320, 322 (10th Cir.1973). In the case before us the interrelation of the two affidavits presented before the magistrate collectively supply sufficient facts to support a finding of probable cause given the proximity of the observed facts to the day when the search warrant was obtained. *United States v. Dennis*, 625 F.2d 782, 792 (8th Cir.1980).

It must also be of legal consequence that the magistrate had before him not only the sworn statements of the two agents but also the fact that he examined both affiants personally. The search warrant clearly establishes this fact. It is stated therein:

*From the examination of the affiants and the sworn statements*, this magis-

trate finds that probable cause exists to issue a search warrant and therefore orders that you immediately proceed during the day or nightime hours to search the residence located at PP–58 42nd Street, Jardines del Caribe, Urb., Ponce, P.R., searching for any controlled substance or any other thing you may find in violation of the Controlled Substance Act, and should it be found by you in its entirety to bring it immediately and together with the executed order before me at the District Court of Ponce, P.R..... (emphasis ours)

The decision to issue a warrant must be sustained unless it lacks a substantial basis under the "totality of circumstances." *United States v. Butler,* 763 F.2d 11, 14 (1st Cir.1985).

Given the totality of the facts and circumstances in this case, *Gates, supra,* we find that the magistrate had before him factual allegations which provided a substantial basis for concluding that there was a fair probability that criminal evidence would be found in defendant Felipe Bonilla Romero's residence. Probability is the standard of probable cause. *Illinois v. Gates, supra,* 462 U.S. at 231–232, 103 S.Ct. at 2328–29. The magistrate had sufficient information from which he could conclude the existence of probable cause. *United States v. León,* 468 U.S. 897, 104 S.Ct. 3405, 3423, 82 L.Ed.2d 677 (1984); *United States v. Maestas,* 546 F.2d 1177, 1180 (5th Cir.1977).

Finally, we see no reason to discredit affiants' truthfulness concerning the facts. There is a presumption of validity with respect to the affidavit supporting the search warrant, *Franks v. Delaware,* 438 U.S. 154, 171, 98 ·S.Ct. 2674, 2684, 57 L.Ed.2d 667 (1978), and no showing has been made to this Court in the sense that false statements were included in the affidavit.

WHEREFORE, in view of the foregoing, we find that there was probable cause to issue the search warrant on September 19, 1985, based on the declarations of Agents Caín Santiago and Angel Negrón Santiago.

*United States v. White,* 766 F.2d 22, 25 (1st Cir.1985); *United States v. Freitas,* 610 F.Supp. 1560, 1564 (D.C.Cal.1985).

Accordingly, defendant's motion to suppress the evidence is hereby DENIED.

IT IS SO ORDERED.

