515 A.2d 27

**COMMONWEALTH of Pennsylvania**

v.

**Juan T. RODRIQUEZ, Appellant.**

Superior Court of Pennsylvania.

Argued April 23, 1986.

Filed Sept. 17, 1986.

544

Paul W. Kilgore, Lebanon, for appellant.

Before WICKERSHAM, BROSKY and WATKINS, JJ.

WICKERSHAM, Judge:

Juan T. Rodriquez appeals from the judgment of sentence entered against him by the Court of Common Pleas of Lebanon County following his conviction for a violation of the Controlled Substance, Drug, Device and Cosmetic Act.[1]

The evidence, viewed in the light most favorable to the Commonwealth as verdict-winner, disclosed that on August 10, 1983, appellant sold for $25.00 a packet of methamphetamine to Vicki Schauer, an individual who at the time was cooperating with Lebanon County law enforcement agencies by making the purchase while wearing electronic surveillance equipment. As a result of that sale, appellant was subsequently arrested and charged with one count of

1.  35 P.S. § 780–101 *et seq.*

delivery of methamphetamine, in violation of section 13(a)(30) of the above act.

Appellant filed an omnibus pretrial motion seeking suppression of evidence, claiming that the sale was intercepted in violation of the Wiretapping and Electronic Surveillance Control Act[2] and the United States and Pennsylvania Constitutions. He also sought to have the information quashed. On May 10, 1984, following a hearing before the Honorable G. Thomas Gates, P.J., appellant's motion was dismissed. Appellant's trial by jury on May 14–15, 1984 resulted in a verdict of guilty. Timely post-trial and supplemental post-trial motions were filed and denied. On July 3, 1985, appellant was sentenced to a term of imprisonment of four (4) to eight (8) years, plus payment of a $100.00 fine, costs, and restitution. This appeal timely followed.

Appellant raises nine issues for our consideration:

    I.  Did the Commonwealth fail to comply with the "Wiretapping and Electronic Surveillance Control Act" as to securing approval of consensual surveillance under section 5704?

    II.  Was the alleged consent of Vickie [sic] Schauer to participate in the electronic interception of oral communications the product of undue official coercion and inducement in violation of the "Wiretapping and Electronic Surveillance Act"?

    III.  Was the interception of communications of appellant made in violation of appellant's rights under [the] fourth amendment to the United States Constitution and article I, section 8 of the Pennsylvania Constitution?

    IV.  Does use of the content of the interception of communications of appellant violate appellant's right against self-incrimination afforded by the fifth amendment of the United States Constitution and article I, section 9 of the Pennsylvania Constitution?

**2.** 18 Pa.C.S. § 5701 *et seq.*

V. Should the methamphetamine allegedly sold by appellant be suppressed under the exclusionary rule?

[VI. Was the defendant's arrest illegal?]

VII. Did the trial court err in allowing the jury to read an alleged transcript of the taped conversation while listening to the tape?

VIII. Did the trial court err by refusing to allow cross examination of the Commonwealth's chief witness as to [for] whom she would purchase drugs?

IX. Is the verdict contrary to the evidence, the weight of evidence, contrary to law, and/or is the evidence insufficient to sustain the verdict?

Brief for Appellant at 2–3.[3]

After careful review of the record, the briefs of the parties, and the applicable law, we conclude that the opinion of Judge Gates, dated June 5, 1985, correctly and adequately addresses the last three issues and we see no need to discuss them further.

The first six issues all involve attacks on the ruling of the suppression court; these issues were raised in appellant's omnibus pretrial motion, and were rejected by the suppression court. "The appropriate standard for appellate review of the finding of a suppression court is for the appellate court to consider the evidence of the Commonwealth and so much of the defense evidence as fairly read in context of the record as a whole, remains uncontradicted." *Commonwealth v. Duffy*, 355 Pa.Super. 145, 149, 512 A.2d 1253, 1255 (1986).

When we review the ruling of a suppression court we must determine whether the factual findings are supported by the record. When it is a defendant who has appealed, we must consider only the evidence of the prosecution and so much of the evidence for the defense as, fairly read in the context of the record as a whole,

---

**3.** It appears that appellant inadvertently omitted issue 6 from his "statement of questions involved." It is clearly listed and addressed by appellant in the body of his argument, however, and is likewise listed and addressed by the Commonwealth in its brief.

remains uncontradicted. Assuming that there is support in the record, we are bound by the facts as are found and we may reverse the suppression court only if the legal conclusions drawn from those facts are in error.

*Commonwealth v. Cortez,* 507 Pa. 529, 532, 491 A.2d 111, 112 (1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985). *See also Commonwealth v. Whitney,* 511 Pa. 232, 512 A.2d 1152 (1986).

Appellant's basic contention is that the Commonwealth failed to comply with the Wiretapping and Electronic Surveillance Control Act [hereinafter "Wiretap Act"], and because of that failure, the contents of any intercepted conversations, all testimony as to what transpired, and the methamphetamine should have been suppressed. Appellant's first argument is that the Commonwealth failed to comply with section 5704(2)(ii) of the Wiretap Act. Section 5704(2)(ii) provides an exception to the general prohibition against interception of wire or oral communications:

**§ 5704. Exceptions to prohibition on interception and disclosure of communications**

It shall not be unlawful under this chapter for:

(1) ...

(2) Any investigative or law enforcement officer or any person acting at the direction or request of an investigative or law enforcement officer to intercept a wire or oral communication involving suspected criminal activities where:

(i) such officer or person is a party to the communication; or

(ii) one of the parties to the communication has given prior consent to such interception. However, no interception under this paragraph shall be made unless the Attorney General or a deputy attorney general designated in writing by the Attorney General, or the district attorney, or an assistant district attorney designated in writing by the district attorney, of the county wherein the interception is to be made, has reviewed the facts and is satisfied that the consent is voluntary and has

given prior approval for the interception; however such interception shall be subject to the recording and record keeping requirements of section 5714(a) (relating to recording of intercepted communications) and that the Attorney General, deputy attorney general, district attorney or assistant district attorney authorizing the interception shall be the custodian of recorded evidence obtained therefrom.

18 Pa.C.S. § 5704(2). Appellant contends that the district attorney failed to review any facts as to suspected future criminal activity of appellant, as required by section 5704(2)(ii). We are not persuaded by appellant's contention.

In order for law enforcement officers to use a civilian informant to intercept or record a conversation or transaction, they must secure the approval of the Attorney General or the district attorney, or their designated assistants. Here, that approval was secured. District Attorney Feeman testified that he received a written request for such approval on July 25, 1983, and gave his approval on August 10, 1983 in the form of a signed written memorandum. Copies of both writings were admitted at the suppression hearing and at trial.[4] The record also indicates that District Attorney Feeman, while reviewing the written request for approval, discussed it in detail with the county detective and the proposed informant.

There is no requirement in consensual cases that the target be identified or that probable cause to intercept a particular communication exist. *Compare* 18 Pa.C.S. § 5712(a)(2). All that is required is that the informant acts consensually, that his or her consent is voluntary, and that the informant acts under the direction of an investigative or

**4.** We note that the Wiretap Act does not require that a written memorandum of approval be executed by the district attorney prior to the commencement of a consensual interception. *See* 18 Pa.C.S. § 5704(2)(ii). "Surveillance conducted with the consent of a party to the conversation is not subject to the exacting standards of authorization required for non-consensual surveillance under the Wiretap Act." *Commonwealth v. Checca,* 341 Pa.Super. 480, 492, 491 A.2d 1358, 1364 (1985).

law enforcement officer to intercept oral communications involving suspected criminal activities. The identity of the target is not required, but we note in this case that in the written request for approval, a Juan C. Rodriquez of Lebanon Village was listed as a target. While appellant's middle initial was incorrectly listed, he in fact testified at the suppression hearing that he was the only Juan Rodriquez who lived at that address.

Second, appellant contends that the informant's alleged consent to the interception of conversations between herself and appellant was a product of undue official coercion and inducement, and thus not voluntarily given as required by section 5704(2) of the Wiretap Act. We are not persuaded by appellant's argument in this regard either.

District Attorney Feeman interviewed the informant specifically to determine if her consent was voluntary. Aware that there was a pending drug charge against the informant in that county,[5] Mr. Feeman quizzed her thoroughly on whether anyone from a local or state law enforcement agency had ever made any promises, threats, or representations to her to induce her cooperation in the instant case. She answered negatively to all such questions. Mr. Feeman told her that her cooperation would be brought to the court's attention at the time she was sentenced, but the district attorney's office would make no further promises. The informant also testified that her consent was voluntary, that no one had promised, threatened, or made representations to her, other than the above statement by Mr. Feeman, concerning her cooperation in the wiretap.

■ Although her avowed reason for contacting the police department—because she felt there was too much drug

5. Sometime in the spring of 1983, the informant voluntarily contacted a detective with the Lebanon City Police Department to relay her concern about the amount of drug trafficking going on in the area. In July of 1983, she was arrested for possession of a marijuana plant. In August of 1983, the intercepted transaction between appellant and the informant took place. As of the time of appellant's trial in May of 1984, she had entered an open plea to the possession charge, but had not yet been sentenced.

trafficking and young children were starting to get involved in it—is somewhat unusual considering her admitted purchases of drugs prior to the instant transaction, we find support in the record for the suppression court's finding of fact that her consent was voluntary. The demeanor and credibility of witnesses are issues solely for the trier of fact, *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984), and our court must defer to the findings of that trier of fact with respect to witness credibility. *Kembel v. Schlegel*, 329 Pa.Super. 159, 478 A.2d 11 (1984).

Third, appellant contends that the wire interception was a violation of his rights under the fourth amendment to the United States Constitution and article I, section 8 of the Pennsylvania Constitution. He claims that, in order to comply with section 5704(2), the investigating officer must demonstrate to the district attorney that there is probable cause to believe that a particular interception will reveal evidence of a particular crime. In so arguing, he claims that the consensual interception in the instant case is analogous to a warrantless search and seizure. The lower court rejected this analogy, finding that consensual interceptions are not searches and seizures and do not require an initial finding of probable cause to be lawful. Lower ct. op. at 2 n. 2. We agree. Furthermore, as we have noted already, section 5704(2) contains no requirement that probable cause must be shown in a consensual wiretap case.

Appellant appears to argue that, as in *Commonwealth v. Beauford*, 327 Pa.Super. 253, 475 A.2d 783 (1984), law enforcement authorities must seek an order of court upon probable cause before being allowed to use electronic surveillance, even where the use falls under an exception to the strict requirements of the Wiretap Act. While our court held in *Beauford* that an individual's expectation of privacy in telephone numbers he calls is protected by article 1, section 8 of the Pennsylvania Constitution against government surveillance and intrusion without probable cause, and thus the use of pen registers and dialed number recorders by law enforcement authorities is limited to those situations

in which an order issues upon probable cause, the case involved a non-consensual wiretap. Here we are dealing with a consensual interception; therefore, appellant's reliance on *Beauford* is misplaced.

In addition, our court has considered the question of whether a consensual interception under section 5704(2)(ii) constitutes an illegal search and seizure in that law enforcement officials can and did intercept communications without a warrant issued by a neutral and detached judicial officer. In *Commonwealth v. Hassine*, 340 Pa.Super. 318, 490 A.2d 438 (1985), we held that such an interception does not constitute an illegal search and seizure under either the fourth amendment to the United States Constitution or article 1, section 8 of the Pennsylvania Constitution.

First, it is abundantly clear that the type of wiretap executed here, similar to the one-conversant, consensual tap allowed under federal law, is legal under the United States Constitution. *United States v. Caceres*, 440 U.S. 741, 744, 99 S.Ct. 1465, 1467, 59 L.Ed.2d 733 (1979) ("Neither the Constitution nor any Act of Congress requires that official approval be secured before conversations are overheard or recorded by Government Agents with the consent of one of the conversants."); *see also United States v. Horton*, 601 F.2d 319 (7th Cir.1979); *United States v. Shaffer*, 520 F.2d 1369 (3d Cir.1975). Thus, to the extent Article I, § 8 incorporates the dictates of the Fourth Amendment, section 5704(2)(ii) is constitutional.

Are there additional guarantees under Article I, § 8, which makes § 5704(2)(ii) constitutionally infirm? Our research has been unable to unearth a Pennsylvania appellate court case which addresses the issue. However, we find instructive a recent federal case wherein the defendant challenged the Wiretap Act under the Pennsylvania Constitution. *United States v. Geller*, 560 F.Supp. 1309 (E.D.Pa.1983). In *Geller* as in the instant case the defendant argued that Article I, § 8, went further than the Fourth Amendment guarantees and, in light of this

Commonwealth's jurisprudential history, " 'any' legislation which permits the interception of wire communication is *per se* violative of Pennsylvania's Constitution." *Id.* at 1315.

*   *   *   *   *   *

While we agree with the *Geller* court that the Pennsylvania Constitution does not prohibit any and all legislation which permits wiretaps, the question we face here is whether it prohibits *this* legislation. Previously, this Commonwealth, through legislation known as the "Anti-Wiretap Statute," banned all consensual wiretaps except where the consent of *all* the parties to the conversation had been obtained. *Commonwealth v. [McCoy]*, 442 Pa. 234, 238–39, 275 A.2d 28, 30–31 (1971); *Commonwealth v. Murray*, 423 Pa. 37, 223 A.2d 102 (1966).... [T]he anti-wiretap act was a distinct policy decision by the legislature against allowing one party consensual wiretap. *Id.*, 423 Pa. at 42–43, 223 A.2d at 105. There is no mention or inference that Article I, § 8 is or was more sweeping in its protections than the Fourth Amendment.

Basically, under the then-existing statute, the legislature declined to give "legal responsibility" to law enforcement officers for wiretaps. This prior legislation was a decision, *by the legislature,* "as a matter of state public policy that the right of any caller to the privacy of his conversation is of greater societal value than the interest served by permitting eavesdropping or wiretapping." *Commonwealth v. [McCoy], supra,* 442 Pa. at 239, 275 A.2d at 30. That determination was "within constitutional limits, [and] solely within the discretion of the Legislature." *Id.*, 442 Pa. at 239, 275 A.2d at 30–31.

Just as clearly, the enactment of § 5704(2)(ii) was within both Constitutional limits *and* the discretion of the legislature. The General Assembly has given legal responsibility to law enforcement officials to properly conduct wiretaps where one party consents. The function of determining whether or not to permit this type of wiretap was delegated by the Constitution to the General Assem-

bly. *Commonwealth v. Baldwin,* 282 Pa.Super. 82, 422 A.2d 838 (1980); *Commonwealth v. Bennett,* 245 Pa.Super. 457, 369 A.2d 493 (1976). In such a situation, we shall not disturb the legislature's exercise of discretion, especially where the statute does not "clearly, palpably and plainly" violate the Pennsylvania Constitution.

*Id.,* 340 Pa.Superior Ct. at 355–57, 490 A.2d at 457–59 (footnotes omitted). *See also United States v. Felton,* 753 F.2d 256 (3d Cir.1985); *United States v. Mitlo,* 714 F.2d 294 (3d Cir.1983), *cert. denied,* 464 U.S. 1018, 104 S.Ct. 550, 78 L.Ed.2d 724 (1983). Therefore, we find appellant's search and seizure argument to be meritless.

■ Nor do we find any merit to appellant's fourth issue, in which he contends that the intercepted communication was a violation of his right against self-incrimination, protected by the fifth amendment of the United States Constitution and article I, section 9 of the Pennsylvania Constitution. However, he neither explains how this right was violated nor supports his contention with any authority. In any event, it is clear from the record that what was revealed in the intercepted communication was not appellant incriminating himself, but actually committing a crime. Furthermore, he was not under arrest or in custody at the time, and nobody asked him any questions. None of the factors which might give rise to a potential claim of self-incrimination were present in this case.

Appellant's fifth and sixth issues flow directly from the alleged illegality of the intercepted communications. Appellant claims that the methamphetamine which he sold to the informant should have been suppressed under the "fruit of the poisonous tree" doctrine of *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). He also claims, for similar reasons, that his arrest was illegal. Because we have found that the electronic interceptions were properly authorized under the Wiretap Act, that the informant's consent was voluntary, and that there was no violation of appellant's constitutional rights, these last two arguments are meritless. Since the intercepted drug trans-

action was legal, there is no question that appellant's arrest was legal also and without a poisonous tree, there can be no suppression of the fruit on that basis. *See, e.g., Commonwealth v. Magwood,* 503 Pa.Super. 169, 469 A.2d 115 (1983); *Commonwealth v. Davis,* 308 Pa.Super. 204, 454 A.2d 92 (1982).

Finding no merit to any of appellant's claims, we affirm the judgment of sentence.

Judgment of sentence affirmed.