548 A.2d 1211

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Juan T. RODRIGUEZ, Appellant.**

Supreme Court of Pennsylvania.

Argued March 7, 1988.

Decided Oct. 17, 1988.

Paul W. Kilgore, Lebanon, for appellant.

Thomas S. Long, Dist. Atty., David J. Brightbill, Asst. Dist. Atty., Lebanon, for appellee.

Robert A. Graci, Chief Deputy Atty. Gen., Harrisburg, amicus curiae.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION

McDERMOTT, Justice.

Juan T. Rodriguez appeals from the order of the Superior Court affirming the judgment of sentence entered by the Court of Common Pleas of Lebanon County following his conviction of delivery of methamphetamine in violation of Pennsylvania's Controlled Substance, Drug, Device and Cosmetic Act.[1]

The relevant facts of this case are as follows. In 1983, Vicki Schauer, a resident of Lebanon County, had a seven year old son. Ms. Schauer, an admitted drug user, was concerned about the prevalence of drugs in the community, and the effects that such a presence might have on her child. She contacted the Lebanon County Police and provided a list of persons from whom she had previously purchased narcotics. Appellant's name was included on that list. Ms. Schauer indicated that she had purchased fifteen doses of LSD from appellant in the Lebanon Village parking lot.

Based on this information, the investigating detective prepared a request for a consensual investigation. The request was approved by the Lebanon County District Attorney. Ms. Schauer was then fitted with a body transmitter. She proceeded to 69 Lebanon Village where she met Val Padillas and inquired about the purchase of methamphetamine. Mr. Padillas indicated that he did not have any "meth." However, appellant stepped forward and offered some for sale. Ms. Schauer purchased the methamphetamine from appellant.

This transaction was transmitted to the police and recorded. Ms. Schauer turned over the evidence to the police and appellant was arrested and charged with one count of delivery of methamphetamine. Appellant was convicted and sentenced to four to eight years incarceration. Superior Court affirmed the judgment of sentence. Appellant

1. Act of April 14, 1972, P.L. 233, No. 64, § 1, *as amended,* 35 P.S. § 780–101 *et seq.*

petitioned for allowance of appeal, and we granted allocatur.

■ Appellant first contends that one-party consensual wiretapping as authorized by 18 Pa.C.S.A. § 5704(2)(ii)[2] violates· the Fourth Amendment. It is well settled that one-party consensual interceptions do not offend the Fourth Amendment. *United States v. Caceres*, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979); *United States v. White*, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971) *reh. denied*, 402 U.S. 990, 91 S.Ct. 1643, 29 L.Ed.2d 156 (1971) (plurality opinion); *Lopez v. United States*, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963) *reh. denied*, 375 U.S. 870, 84 S.Ct. 26, 11 L.Ed.2d 99 (1963). Therefore, appellant's position is without foundation.

■ Appellant next contends that this interception violated his right to privacy guaranteed under Article 1, § 8 of the Pennsylvania Constitution.[3] This Court has recently held that section 5704(2)(ii) of Pennsylvania's wiretapping statute, authorizing one-party consensual interceptions, does not offend Article I § 8 of the Pennsylvania Constitution. *Commonwealth v. Blystone*, 519 Pa. 450, 549 A.2d 81 (1988). Therefore, appellant's argument is without merit.

■ Appellant's next contention is that Ms. Schauer's consent for the interception was not given voluntarily and therefore the police actions violated the specific terms of the statute.[4] This Court has emphatically stated that for

**2.** Act of October 4, 1978, P.L. No. 164, § 2, *as amended*, by the Act of December 2, 1983, P.L. 248, No. 67, § 2.

**3.** This section provides:
    The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.

**4.** This interception was conducted pursuant to 18 Pa.C.S. § 5704 which provides in relevant part that:
    It shall not be unlawful under this chapter for:
        . . . .

the purposes of 18 Pa.C.S. § 5704(2)(ii), one's consent must be given voluntarily in order for the governmental actions to be lawful. *Commonwealth v. Clark,* 516 Pa. 599, 605, 533 A.2d 1376, 1379 (1987), *citing Bumper v. North Carolina,* 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Mamon,* 449 Pa. 249, 297 A.2d 471 (1972).

The voluntariness of one's consent must be the "product of an essentially free and unconstrained choice by its maker.... His will [must not have] been overborne and his capacity for self-determination critically impaired." *Commonwealth v. Clark, supra,* 516 Pa. at 605, 533 A.2d at 1379. *See also Commonwealth v. Smith,* 470 Pa. 220, 368 A.2d 272, (1977); *Commonwealth v. Alston,* 456 Pa. 128, 317 A.2d 241 (1974). Each case must be determined "from the totality of the circumstances." *Clark, supra,* 516 Pa. at 605, 533 A.2d at 1379. Furthermore, consent is not voluntary where it is the product of coercion or duress either express or implied. However, "[a] decision to consent is not rendered involuntary merely because it is induced by a desire to avoid the possibility of a well founded prosecution." *Id.*

Vicki Schauer testified that she contacted Detective Kauffman of the Lebanon County Police Department concerning drug activity in the area. She indicated that she had purchased LSD from appellant on numerous occasions. Subsequent to this conversation, Ms. Schauer was arrested for possession of a marijuana plant. Detective Kauffman then contacted Ms. Schauer and requested her cooperation with an investigation.

Ms. Schauer next testified that when she admitted purchasing drugs from appellant she knew that she was admitting to crimes. However, no offer of immunity was extend-

(2) Any investigative or law enforcement officer or any person acting at the direction or request of an investigative or law enforcement officer to intercept a wire or oral communication involving suspected criminal activities where:

. . . .

ed to her. She further testified that she was not offered anything for her cooperation. In fact her application for "Accelerated Rehabilitative Disposition" (A.R.D.) relative to her pending drug charge was denied by the district attorney and she entered an open plea to the charge.

Testimony of the District Attorney of Lebanon County, corroborated the testimony of Vicki Schauer. Prior to having her sign the consent form, the district attorney asked why Ms. Schauer was cooperating with the police. She indicated that she had a child and was concerned with drugs spreading into the schools. When asked whether any charges were pending against her, Ms. Schauer answered affirmatively. When asked whether anyone from the Lebanon County Detective Bureau, Police Department, Bureau of Narcotics, or Attorney General's Office promised anything to induce her to consent, Ms. Schauer answered in the negative.

The district attorney further indicated that Ms. Schauer's cooperation would be brought to the court's attention at the time of her sentencing, but no promises would be made. He concluded that Ms. Schauer was "cooperating voluntarily and freely, not being coerced by anyone" (N.T. at 6). Ms. Schauer then signed a memorandum of consent.

The facts of this case indicate that Vicki Schauer was acting voluntarily and without coercion when she consented to wear an electronic device. Furthermore, the Lebanon County District Attorney's Office and Police Department went to great lengths to ensure that her consent was voluntary and adequately documented.[5]

5. As an additional issue appellant alleges that the Commonwealth failed to comply with the prerequisites of 18 Pa.C.S. § 5704 prior to authorizing this interception. Appellant confuses 18 Pa.C.S. § 5704(2)(ii), where one party consents to the surveillance, with 18 Pa.C.S. § 5712, specifying the requirements for obtaining a warrant upon showing of probable cause when no party consents to the interception. The relevant statute requires only that where suspected criminal activity is involved, the district attorney must review the facts and be satisfied that consent is voluntary, and give prior approval for the interception. Our review indicates that the actions of Lebanon County District Attorney's office followed the directives of

■ As a final issue appellant contends that it was prejudicial error for the trial court to have allowed the jury to hear the tape recording of the interception while reading a transcript of that tape and to admit the transcript into evidence.

In *Commonwealth v. Stetler*, 494 Pa. 551, 431 A.2d 992 (1981), this Court upheld a procedure where transcripts of a conversation were read to the jury immediately prior to the jury hearing the tape of the same conversation. In *Stetler*, the appellant had not disputed either the completeness or the accuracy of the transcript read to the jury. He was afforded full opportunity to cross-examine the officer who prepared and read the transcripts. The court was satisfied that the trial court properly exercised its discretion in permitting such a procedure. *Id.*, 494 Pa. at 563, 431 A.2d at 998. *United States v. Johnson*, 363 F.Supp. 711 (E.D.Pa. 1973), *aff'd mem.*, 492 F.2d 1239 (3d Cir.1974) (approving a procedure where jury read transcript while the tape was played).

In the present case appellant does not dispute the completeness or accuracy of the transcript. Appellant only contends that the quality of the audio tape was poor. Appellant had the opportunity, however, to cross-examine the officer who prepared the transcript. Allowing this procedure was a proper exercise of the trial court's discretion.

For the above reasons, the order of the Superior Court is affirmed.

ZAPPALA, J., files a dissenting opinion in which LARSEN, J., joins.

ZAPPALA, Justice, dissenting.

I dissent for the reasons set forth in my dissenting opinion in *Commonwealth of Pennsylvania v. Scott Wayne Blystone*, 519 Pa. 450, 549 A.2d 81 (1988).

LARSEN, J., joins in this dissenting opinion.

the statute to the letter. Therefore, appellant's argument is unfounded.