552 A.2d 1105

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Michael J. BRION, Appellee.**

Superior Court of Pennsylvania.

Submitted Aug. 15, 1988.

Filed Jan. 12, 1989.

Amy L. Weber, Assistant District Attorney, Chambersburg, for Com., appellant.

Angela C. Lovecchio, Assistant Public Defender, Williamsport, for appellee.

Before TAMILIA, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge:

This is an appeal from an order of the Lycoming County Court of Common Pleas which granted the appellee's motion for new trial and suppression of electronic surveillance evidence.

Herein, we are required to review recent developments in the law concerning the electronic surveillance technique of one-party warrantless consensual monitoring. The Commonwealth contends that "the court erred in granting a new trial on the basis that Article I, Section 8 of the Pennsylvania Constitution was violated by the Commonwealth's failure to obtain a search warrant based upon probable cause before sending a confidential informant into Appellee's home to electronically record his conversations and transmit them back to the police[.]" We agree.

The record reveals that, on March 13, 1984, the police sent a confidential informant to purchase approximately fifteen grams of marijuana from the appellee, Michael Brion, at his residence. During the purchase, the informant was wearing a consensual wire in order to record electronically any conversation. As a result of the investigation, the appellee was charged with one count of possession of marijuana and one count of delivery of marijuana.

Prior to trial, the appellee filed a timely motion to suppress the tape recording of the transaction between himself and the informant. After a hearing, the motion was denied, and the recording was introduced into evidence at trial. Following a bench trial on October 27, 1987, the appellant was found guilty on all charges. Post-verdict motions alleging that the lower court erred in failing to suppress the tape recording were filed. Relying on *Commonwealth v. Schaeffer*, 370 Pa.Super. 179, 536 A.2d 354 (1987), the trial court granted the appellee's motion for a new trial, and this appeal followed.

The Superior Court's *en banc* decision in *Commonwealth v. Schaeffer*, 370 Pa.Super. 179, 536 A.2d 354 (1987) directly

addressed the legality of the technique of electronic surveillance know as "participant monitoring." We have since summarized the *Schaeffer* decision as follows:

> In *Commonwealth v. Schaeffer*, an *en banc* panel of this Court held that the interception and recording of a person's words is a search and seizure. This Court in *Schaeffer* then proceeded to hold that Pennsylvania State Constitution requires a warrant for participant monitoring in the *home*. The home is regarded as a place in which a person's expectations of privacy are of the highest degree. A person speaking in his home certainly speaks in circumstances justifying a belief that the police are not listening in as an "uninvited ear" through an alter ego, i.e., the informant. *Schaeffer*, 370 Pa.Super at [209]–[211], 536 A.2d at 369–370.

*Commonwealth v. Phillips*, 373 Pa.Super. 193, 540 A.2d 933, 936 (1988) (refused to extend *Schaeffer* decision to recordings made outside the home in an automobile).

In *Schaeffer*, we held that "article I, section 8 of our constitution, which protects the right of the people to be secure from unreasonable searches and seizures, requires a warrant based upon probable cause for the electronic seizure of such communications." Instantly, the facts *sub judice* are indistinguishable from those found in *Schaeffer*. Therefor, applying our decision in *Schaeffer*, the lower court, based upon ample precedent, correctly granted the appellee's motion for a new trial.

However, on October 17, 1988, our Supreme Court, handed down *Commonwealth v. Blystone*, 519 Pa. 450, 549 A.2d 81 (1988) and *Commonwealth v. Rodriguez*, 519 Pa. 415, 548 A.2d 1211 (1988). In *Blystone*, our Supreme Court held that a warrantless one-party consensual electronic interception, as authorized by 18 Pa.C.S.A. § 5704,[1] does not violate article I, section 8 of the Pennsylvania Constitution.[2] Our

---

1. The relevant portion of the Wiretapping and Electronic Surveillance Control Act reads as follows:
   § 5704 Exceptions to prohibition on interception and disclosure of communications.

2. Article I, § 8 of the Constitution of Pennsylvania provides:

Supreme Court then followed the *Blystone* holding in *Rodriguez*. Although our decision in *Schaeffer* focused solely on the fact that the interception occurred in the defendant's home and neither *Blystone* nor *Rodriguez* mentions that factor, the broad language of *Blystone* and its subsequent application in *Rodriguez* overrules *Schaeffer sub silentio*. Therefor, we are constrained to hold that the trial court erred when it granted the appellee's motion for a new trial based upon our decision in *Schaeffer*.

It is well settled that one-party consensual interceptions and transmissions do not offend the Fourth Amendment. *United States v. Caceres*, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979); *United States v. White*, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971) *reh. denied*, 402 U.S. 990, 91 S.Ct. 1643, 29 L.Ed.2d 156 (1971) (plurality opinion). However, state courts are free to provide broader protections than those afforded by the federal constitution based upon state constitutions. *Cooper v. California*, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967) *reh. denied*, 386 U.S. 988, 87 S.Ct. 1283, 18 L.Ed.2d 243 (1967); *Commonwealth v. Sell*, 504 Pa. 46, 470 A.2d 457 (1983). That is exactly what this court did in *Schaeffer* when we determined that a warrantless one-party consensual interception occurring in the defendant's home violates his right to privacy under the Pennsylvania Constitution.

However, our Supreme Court, in *Blystone*, determined that the Pennsylvania Constitution affords no greater protection than the Fourth Amendment of the United States Constitution. In so holding, our Supreme Court stated:

The United States Supreme Court has held that a person cannot have a justifiable and constitutionally protected expectation that a person with whom he is conversing will not then or later reveal that conversation to the police. *Lopez v. United States*, 373 U.S. 427 [83 S.Ct. 1381, 10

The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.

L.Ed.2d 462] (1963) *reh. denied.* 375 U.S. 870 [84 S.Ct. 26, 11 L.Ed.2d 99] (1963). Furthermore, as noted above, the Court has held that one party interceptions do not violate the Fourth Amendment. *United States v. Caceres, supra.*

Basically, the Supreme Court has recognized the simple fact that a thing remains secret until it is told to other ears, after which one cannot command its keeping. What was private is now on other lips and can no longer belong to the teller. What one choses to do with another's secrets may differ from the expectation of the teller, but it is no longer his secret. How, when, and to whom the confidant discloses the confidence is his choosing. He may whisper it, write it, or in modern times immediately broadcast it as he hears it.

As applied to this case the above cited cases are particularly significant for two reasons: one, the Pennsylvania wiretapping statute is based on its federal counterpart, Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510–20,[3] the latter of which was cited with approval by the United States Supreme Court in *Caceres, id.* [440 U.S.] at 742, [99 S.Ct. at 1466];[4] and two, it is the federal body of law from which we derive our test for determining what actions fall under the rubric of a privacy right, *Katz [v. United States],* *supra* [389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) ], (Concurring Opinion, Harlan, J.).

Although, unless dictated by Supremacy Clause considerations, we are not bound to follow the federal interpretation of the federal act or the federal constitution in the interpretation of our state statute and/or constitution, we are in this case, persuaded by the rationale behind those decisions.

*Blystone,* 519 Pa. at 464–465, 549 A.2d at 87–88 (footnotes included in original).

3. Public Law 90–351, Title III, § 802, June 19, 1968, 82 Stat. 212.

4. *See also, Gelbard v. United States,* 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972); *United States v. Cianfrani,* 573 F.2d 835 (3d Cir.1978).

Citing the *Blystone* holding, the *Rodriguez* court summarily held that "section 5704(2)(ii) of Pennsylvania's wiretapping statute, authorizing one-party consensual interceptions, does not offend Article I § 8 of the Pennsylvania Constitution."

While not expressly overruling *Schaeffer*, the broad sweeping language of *Blystone* clearly overrules our prior decision. In fact, our Supreme Court intimated that, in *Blystone*, it was overruling *Schaeffer*. The appellant in *Blystone* raised the same argument that, as our Supreme Court noted, was accepted by this court in *Schaeffer*, i.e. the warrantless consensual monitoring, as authorized by the Wiretapping and Electronic Surveillance Act, violated his rights as guaranteed by Article I, § 8 of the Constitution of Pennsylvania. *Blystone*, 519 Pa. at 460, 549 A.2d at 86. Our Supreme Court also noted that, prior to *Schaeffer*, "no court in this Commonwealth had accepted the position espoused by the appellant." *Blystone*, 519 Pa. at 462 n. 13, 549 A.2d at 86 n. 13. The *Blystone* court then proceeded to rule that the argument was not meritorious. *Blystone*, 519 Pa. at 460–465, 549 A.2d at 86–88. Our Supreme Court clearly did not except from its holding the factual situation where the warrantless participant monitoring occurred in the defendant's home. Therefor, we must conclude that *Blystone* overrules our decision in *Schaeffer*.

In conclusion, we find that our Supreme Court has determined that warrantless participant monitoring does not violate a defendant's rights guaranteed by the Pennsylvania Constitution. Further, our Supreme Court set forth an absolute rule without the limited exception created by our decision in *Schaeffer* requiring a warrant for participant monitoring in a defendant's home. Therefor, we find that *Schaeffer* has been overruled by *Blystone*, and we must reverse the trial court's decision to grant the appellee's motion for a new trial. The decision of the trial court is reversed, the judgment is reinstated, and the case is remanded for sentencing.

We reverse and remand this matter for sentencing in accordance with this opinion. Jurisdiction relinquished.