556 A.2d 908

COMMONWEALTH of Pennsylvania

v.

John A. BARONE, Appellant.

Superior Court of Pennsylvania.

Argued April 1, 1987.

Filed April 5, 1989.

284

Craig P. Miller, Lock Haven, for appellant.

Kenneth Osokow, Assistant District Attorney, Williamsport, for Com., appellee.

Before WIEAND, BECK and CERCONE, JJ.

WIEAND, Judge:

John A. Barone was charged with possession and delivery of a controlled substance as a result of an alleged sale of 2.3 grams of cocaine to Donald Kenyon in Barone's home on April 24, 1985. Kenyon, a police informant, was wearing a concealed recording device, which enabled law enforcement officials to record the conversation between Barone and Kenyon at the time of the sale. Barone was arrested on September 19, 1985, waived his right to a preliminary hearing, and filed a motion to suppress the recording made by police at the time of the sale. Hearings were held, but the motion to suppress was denied. Barone thereafter waived his right to trial by jury, and the charges against him were heard by the trial court on a case-stated basis. Barone was

found guilty; post-verdict motions were denied; and Barone was sentenced to serve a term of imprisonment for not less than six months nor more than twenty-three months.[1]

On direct appeal, this Court, in a memorandum decision, held that the decision in *Commonwealth v. Schaeffer*, 370 Pa.Super. 179, 536 A.2d 354 (1987) (en banc), *allocatur granted*, 520 Pa. 596, 552 A.2d 251 (1988),[2] was determinative that a warrantless, recorded interception of a person's conversation in his own home, even with the consent of the other party to the conversation, was an unreasonable search and seizure under Article I, § 8 of the Pennsylvania Constitution. Accordingly, we reversed Barone's conviction and remanded for a new trial. The Supreme Court granted allocatur and by per curiam order directed as follows:

> The petition for allowance of appeal is granted, the order of the Superior Court is reversed pursuant to *Commonwealth v. Blystone*, 519 Pa. 450, 549 A.2d 81 (1988), and the case is remanded to Superior Court for further proceedings to dispose of respondent's remaining appellate issues.

*Commonwealth v. Barone*, 520 Pa. 118, 552 A.2d 1048 (1989). After further review, as directed by the Supreme Court, we find no basis for reversing and affirm the judgment of sentence.

■ The first of appellant's remaining contentions is that the Wiretapping and Electronic Surveillance Act, 18 Pa.C.S. § 5701 et seq., is unconstitutional because it denies ordinary citizens the right to record their own conversations while at the same time permitting law enforcement officials to record conversations in which they or those acting at their direction are involved. This imbalance, according to appel-

1. Only one sentence was imposed. The trial court determined that for sentencing purposes the crime of possession of a controlled substance had merged into the crime of delivery.

2. In *Commonwealth v. Brion*, 381 Pa.Super. 83, 552 A.2d 1105 (1989) a panel of the Superior Court determined that *Commonwealth v. Schaeffer* had been overruled *sub silentio* by the Supreme Court's decisions in *Commonwealth v. Blystone*, 519 Pa. 450, 549 A.2d 81 (1988) and *Commonwealth v. Rodriguez*, 519 Pa. 415, 548 A.2d 1211 (1988).

lant, amounts to a denial of due process of law. We disagree. This same argument was previously rejected by the Superior Court, which reasoned as follows:

[T]here is no merit in appellant's argument that the statute creates a constitutionally impermissible balance in favor of law enforcement officials by allowing them to record incriminating conversations of citizens while denying citizens the correlative right to record exculpatory statements. There is no basis in law for the bald assertion that for every legislatively endorsed or created investigative technique for use by law enforcement officials there must be a correlative and offsetting right by which criminals can conceal their illegal activities.

*Commonwealth v. Harvey*, 348 Pa.Super. 544, 555, 502 A.2d 679, 684 (1985), *overruled on other grounds, Commonwealth v. Schaeffer, supra, but cited with approval in, Commonwealth v. Blystone*, 519 Pa. 450, 462 n. 13, 549 A.2d 81, 86 n. 13 (1988).

■ Appellant's next contention is that Kenyon's consent to the interception of his conversation with appellant was not voluntarily obtained. Kenyon's consent was not voluntary, appellant argues, because prior to the giving of such consent Kenyon had made incriminating statements to the police which would have been used against him if he had not agreed to cooperate. Concerning the consensual interception of communications under the Wiretapping and Electronic Surveillance Act, the Supreme Court has said:

This Court has emphatically stated that for the purposes of 18 Pa.C.S. § 5704(2)(ii), one's consent must be given voluntarily in order for the governmental actions to be lawful. *Commonwealth v. Clark*, 516 Pa. 599, 605, 533 A.2d 1376, 1379 (1987), *citing Bumper v. North Carolina*, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Mamon*, 449 Pa. 249, 297 A.2d 471 (1972).

The voluntariness of one's consent must be the "product of an essentially free and unconstrained choice by its

maker.... His will [must not have] been overborne and his capacity for self-determination critically impaired." *Commonwealth v. Clark, supra,* 516 Pa. at 605, 533 A.2d at 1379. *See also Commonwealth v. Smith,* 470 Pa. 220, 368 A.2d 272 (1977); *Commonwealth v. Alston,* 456 Pa. 128, 317 A.2d 241 (1974). Each case must be determined "from the totality of the circumstances." *Clark, supra,* 516 Pa. at 605, 533 A.2d at 1379. Furthermore, consent is not voluntary where it is the product of coercion or duress either express or implied. *However, "[a] decision to consent is not rendered involuntary merely because it is induced by a desire to avoid the possibility of a well founded prosecution." Id.*

*Commonwealth v. Rodriguez,* 519 Pa. 415, 419, 548 A.2d 1211, 1213 (1988) (emphasis added).

In determining that Kenyon's consent had been voluntarily given, the suppression court reasoned as follows:

The facts pertaining to the argument that Kenyon did not validly consent to the intercept are these: Kenyon had been the subject of an undercover investigation in the course of which drug purchases were made from him. In March, 1985, Agents of the Attorney General's Task Force and the FBI advised Kenyon that he would be arrested and sought his cooperation in the ongoing investigation. Kenyon did not believe that he would be arrested and refused. A day or two later he was in fact arrested and committed to the Lycoming County Prison in default of bail. While there he called the Attorney General's Office and told the agents that he would cooperate. He was represented by an Attorney from the time of his arrest. As a result of discussions between Kenyon, his attorney, officers of the Lycoming County District Attorney's Office, the Attorney General's Task Force and the FBI, the defendant began a pattern of cooperation with the ongoing drug investigation. There appeared to have been no specific promises as to the sentence which the defendant would receive, although there was an agreement that the Kenyon sentencing Judge would be advised

of the extent to which Kenyon had cooperated with law enforcement authorities.

The facts of this case are distinguishable from *Commonwealth v. Clark*, [349 Pa.Super. 255], 502 A.2d, 1375 (Pa.Super.1985). Here the defendant was charged at the time he chose to cooperate, he was represented by counsel at all critical discussions relating to his decision to cooperate, he clearly and convincingly testified that he made an intelligent and deliberate decision to cooperate in the investigation in the hope that he might eventually receive more lenient treatment by the sentencing Judge. His consent to the interception was voluntary.

This issue was correctly resolved by the suppression court. See: *Commonwealth v. Clark*, 516 Pa. 599, 608, 533 A.2d 1376, 1381 (1987) ("The threat of prosecution, without more, does not vitiate consent.").[3]

■ We reject appellant's contention that because Kenyon admitted he was using heroin he could not make a voluntary and knowing consent. The decision in *Commonwealth v. Dewitt*, 271 Pa.Super. 156, 412 A.2d 623 (1979) is to the contrary. It was there held that intoxication by use of drugs or alcohol was insufficient, in and of itself, to render a confession involuntary.

■ Appellant argues next that the requirements of 18 Pa.C.S. § 5704(2)(ii)[4] were not met in the instant case

3. Appellant had argued in the trial court that the Superior Court's decision in *Commonwealth v. Clark*, 349 Pa.Super. 255, 502 A.2d 1375 (1985), *reversed*, 516 Pa. 599, 533 A.2d 1376 (1987) was controlling of this issue. The Superior Court's decision in *Clark*, however, was thereafter reversed by the Supreme Court.

4. This section provides as follows:

**§ 5704. Exceptions to prohibition on interception and disclosure of communications**

It shall not be unlawful under this chapter for:

. . . .

(2) Any investigative or law enforcement officer or any person acting at the direction or request of an investigative or law enforcement officer to intercept a wire or oral communication involving suspected criminal activities where:

. . . .

because he was not specifically listed as a target of the investigation in the memoranda of approval by which the Deputy Attorney General authorized consensual interceptions of conversations. We find no merit in this contention. "Surveillance conducted with the consent of a party to the conversation is not subject to the exacting standards of authorization required for non-consensual surveillance under the Wiretap Act." *Commonwealth v. Checca,* 341 Pa.Super. 480, 492, 491 A.2d 1358, 1364 (1985). Under the Wiretapping and Electronic Surveillance Act:

> Police discretion is not unlimited. It is restricted by the requirement that one of the parties must give prior consent to such an interception. Interceptions are also limited to communications involving suspected criminal activities. When acting within these limitations, law enforcement authorities violate no constitutional rights of the parties by intercepting conversations where one of the conversants has consented to have the conversation recorded.

*Commonwealth v. Harvey, supra* 348 Pa.Super. at 555, 502 A.2d at 684. Of the Wiretapping and Electronic Surveillance Act, the Supreme Court has said:

> [T]he current electronic surveillance statute strikes a balance between citizens' legitimate expectation of privacy and the needs of law enforcement officials to combat crime. In this regard the General Assembly has provided safeguards to protect the liberties of the citizens of the

(ii) one of the parties to the communication has given prior consent to such interception. However, no interception under this paragraph shall be made unless the Attorney General or a deputy attorney general designated in writing by the Attorney General, or the district attorney, or an assistant district attorney designated in writing by the district attorney, of the county wherein the interception is to be made, has reviewed the facts and is satisfied that the consent is voluntary and has given prior approval for the interception; however such interception shall be subject to the recording and record keeping requirements of section 5714(a) (relating to recording of intercepted communications) and that the Attorney General, deputy attorney general, district attorney or assistant district attorney authorizing the interception shall be the custodian of recorded evidence obtained therefrom.

18 Pa.C.S. § 5704(2)(ii).

Commonwealth. For instance, the statute requires the Attorney General, deputy attorney general designated in writing by the Attorney General, district attorney, or an assistant district attorney designated in writing by the district attorney, to make a review of the facts of each case. Consent for the interception must be given by one of the parties. The Attorney General, deputy attorney general, district attorney, or assistant district attorney must be satisfied that the consent is voluntary. Only then will approval for the interception be given.

*Commonwealth v. Blystone,* 519 Pa. 450, 462, 549 A.2d 81, 86–87 (1988). See also: *Commonwealth v. Brachbill,* 520 Pa. 533, 547, 555 A.2d 82, 89–90 (1989); *Commonwealth v. Rodriguez, supra* 519 Pa. at 420 n. 5, 548 A.2d at 1214 n. 5. In the instant case, the authorization was adequate. "There is no requirement in consensual cases that the target be identified or that probable cause to intercept a particular communication exists." *Commonwealth v. Rodriguez,* 356 Pa.Super. 543, 549, 515 A.2d 27, 30 (1986), *affirmed,* 519 Pa. 415, 548 A.2d 1211 (1988). See also: *Commonwealth v. Harvey, supra* 348 Pa.Super. at 556, 502 A.2d at 684–685. Cf. *Commonwealth v. Whitaker,* 519 Pa. 77, 546 A.2d 6 (1988) (applications for non-consensual wiretaps cannot be expected to name every person whose communications are in fact intercepted when there are no probable grounds to believe such communications will be intercepted).

Appellant's final argument on appeal, that the trial court erred in denying his motion to modify sentence, is wholly without merit. Appellant alleges that the trial court commented at the sentencing hearing regarding the dangers of crack, a drug which appellant was not charged with possessing or delivering, and that, therefore, the court based its sentence on an inappropriate factor. Our review of the record discloses that the comments which appellant seeks to attribute to the sentencing court were actually made by the District Attorney. Our review further discloses that the trial court's sentence was consistent with the principles set

forth in the Sentencing Code, 42 Pa.C.S. § 9701 et seq., and was in no way based upon improper considerations. It was, therefore, not an abuse of discretion for the trial court to deny appellant's motion for modification of sentence.

Judgment of sentence affirmed.