476

656 A.2d 129

COMMONWEALTH of Pennsylvania,

v.

Sidney BANNISTER, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 11, 1994.

Filed March 20, 1995.

Edward F. Browne, Lancaster, for appellant.

Joseph C. Madenspacher, Dist. Atty., Lancaster, for Com., appellee.

Before CIRILLO, JOHNSON and FORD ELLIOTT, JJ.

CIRILLO, Judge:

Sidney Bannister appeals from a judgment of sentence entered in the Court of Common Pleas of Lancaster County after his conviction on drug charges. We vacate and remand.

On July 1, 1992, Daniel Pilgrim, a confidential police informant, went to the residence of Bridget Cooper on 35 South Ann Street, Lancaster, Pennsylvania to make a controlled drug buy. While at that residence, Pilgrim purchased from Bannister 39 vials of cocaine for $300.00. While Bannister was retrieving the vials, Pilgrim noticed approximately $2,000.00 to $3,000.00 worth of crack cocaine in the room from which Bannister was collecting the vials to sell to Pilgrim. At the time of the controlled purchase, Pilgrim was wearing electronic surveillance equipment. Later that evening, a search warrant was obtained for 35 South Ann Street, where members of the Lancaster County Drug Task Force discovered 464 vials of cocaine hidden in the ceiling panels of the residence. Bannister was arrested and charged with unlawful possession of cocaine with intent to deliver, in violation of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780–113(a)(30), and criminal conspiracy to commit the crime of possession with the intent to deliver. 18 Pa.C.S.A. § 903(a)(1), (2).

A jury trial ensued and Bannister was convicted of all charges. Post-trial motions were filed and denied. Bannister was sentenced to two and one-half to ten years imprisonment on delivery of 4.5 grams of cocaine, and a consecutive term of five to ten years on the possession of 50.12 grams of cocaine with intent to deliver, with concurrent probationary terms on the conspiracies, plus $20,000.00 in fines. Subsequent to the imposition of sentence, trial counsel was granted permission to withdraw. Present counsel was appointed by the trial court. A motion to modify sentence was filed and denied. This appeal followed.

Bannister raises the following issues for our consideration: (1) Whether trial counsel was ineffective in failing to raise a suppression issue based upon the warrantless entry of a

police informer into appellant's home while wearing electronic surveillance equipment?

(2) Whether trial counsel was ineffective in eliciting testimony from appellant on his direct examination concerning his prior conviction and sentence for a burglary, and then failing to request a limiting instruction on the jury's consideration of evidence of the prior conviction?

(3) Whether the sentencing court erred in imposing disparate sentences upon appellant and his co-defendant, without an adequate statement of reasons and sufficient finding of differences between them to substantiate the disparity?

(4) Whether the sentencing court erred in imposing an excessive sentence which focused exclusively on the seriousness of the crime?

▮▮ Our standard of review when evaluating a claim of ineffective assistance of counsel is well settled. We presume that trial counsel is effective and place on the defendant the burden of proving otherwise. *Commonwealth v. Williams,* 524 Pa. 218, 230, 570 A.2d 75, 81 (1990). We are first required to determine whether the issue underlying the claim is of arguable merit. *Commonwealth v. Johnson,* 527 Pa. 118, 122, 588 A.2d 1303, 1305 (1991). If the claim is without merit, our inquiry ends because counsel will not be deemed ineffective for failing to pursue an issue which is without basis. *Id.* Even if the underlying claim has merit, the appellant still must establish that the course of action chosen by his counsel had no reasonable basis designed to effectuate the client's interests and, finally, that the ineffectiveness prejudiced his right to a fair trial. *Id.; Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987).

▮▮ Bannister claims he is entitled to a new trial due to counsel's ineffective assistance in failing to move for suppression of evidence under *Commonwealth v. Schaeffer,* 370 Pa.Super. 179, 536 A.2d 354 (1987) (*en banc* ), *aff'd,* 539 Pa. 271, 652 A.2d 294 (1994). *Schaeffer* concerned the legality of a technique of electronic surveillance known as "participant monitoring," or using a body wire to surreptitiously record a person's

conversations. *Id.,* 370 Pa.Super. at 182, 536 A.2d at 355. There, a confidential informer was sent into the home of an individual to record his conversations and transmit them back to the police. We held that article I, section 8 of the Pennsylvania Constitution, which protects the right of the people to be secure from unreasonable searches and seizures, requires a warrant based on probable cause for the electronic seizure of such communications. *Id.*

Specifically, in *Schaeffer,* police officers utilized a confidential informant to make a controlled purchase of marijuana from the appellant in his home. Days later, the same informant was equipped with a body transmitter and was sent into appellant's home to make another drug purchase. A conversation was recorded indicating that the appellant would have more drugs for sale by the evening of a specified date. The police obtained a search warrant for the appellant's home, citing as probable cause the controlled drug buys the informer had made and the contents of the taped conversation. Based on the holding set forth above, this court reversed the appellant's judgment of sentence and remanded for a new trial at which the fruits of the warrantless electronic surveillance would be excluded.

The Commonwealth, in its first of a two-part argument with regard to this issue, avers that this court's *en banc* decision in *Schaeffer* is no longer a viable precedent. The Commonwealth's argument must fail, as it has been rendered moot. Subsequent to the Commonwealth's appeal to this court, the Pennsylvania Supreme Court, on December 30, 1994, affirmed this court's *en banc* decision in *Schaeffer* in equally divided, per curiam orders. *See Commonwealth v. Schaeffer,* 539 Pa. 271, 652 A.2d 294 (1994). On the same day, the Supreme Court upheld the *Schaeffer* rationale in *Commonwealth v. Brion,* 381 Pa.Super. 83, 552 A.2d 1105 (1989), *rev'd,* 539 Pa. 256, 652 A.2d 287 (1994).[1] The Court concluded,

1. Without having the benefit of the Pennsylvania Supreme Court's recent pronouncements in *Schaeffer* and *Brion,* the Commonwealth argued that this court's *en banc* decision in *Schaeffer* had been overruled *sub silentio.* Specifically, in *Brion,* the Commonwealth chal-

"In accordance with the analysis articulated by Judge Cirillo in *Schaeffer I* ... we hold that an individual can reasonably expect that his right to privacy will not be violated in his home through the use of any electronic surveillance." *Brion*, 539 Pa. at 256, 652 A.2d at 287. We determine, therefore, that the Commonwealth's contention no longer presents an arguable issue; the *Schaeffer* decision has been upheld by the highest appellate court in this Commonwealth.[2]

In addition to the Commonwealth's contention that this court's decision in *Schaeffer* is no longer viable precedent, the

lenged an order granting the appellee's motion for a new trial and suppressing electronic surveillance evidence. There, a confidential informant, wearing an electronic recording device, was sent to appellee's home to purchase marijuana. Relying upon this court's *en banc* decision in *Schaeffer*, the trial court granted the appellee's motion for a new trial. This court reversed the trial court's order and set forth the following rationale:

> [O]n October 17, 1988, our Supreme Court handed down *Commonwealth v. Blystone*, 519 Pa. 450, 549 A.2d 81 (1988)[, *aff'd on other grounds, Blystone v. Pennsylvania*, 494 U.S. 299[, 110 S.Ct. 1078, 108 L.Ed.2d 255] (1990)] and *Commonwealth v. Rodriguez*, 519 Pa. 415, 548 A.2d 1211 (1988). In *Blystone*, our Supreme Court held that a warrantless one-party consensual electronic interception, as authorized by 18 Pa.C.S.A. § 5704, does not violate article I, section 8 of the Pennsylvania Constitution. Our Supreme Court then followed the *Blystone* holding in *Rodriguez*. Although our decision in *Schaeffer* focused solely on the fact that the interception occurred in the defendant's home and neither *Blystone* nor *Rodriguez* mentions that factor, the broad language of *Blystone* and its subsequent application in *Rodriguez* overrules *Schaeffer sub silentio*. Therefor[e], we are constrained to hold that the trial court erred when it granted the appellee's motion for a new trial based upon our decision in *Schaeffer*. *Brion*, 381 Pa.Super. at 83, 552 A.2d at 1105 (footnotes omitted). Thus, while a three-judge panel of this court (in *Brion*) questioned the viability of our *en banc* decision in *Schaeffer*, the fact remains that *Schaeffer* had never been expressly overruled by the Pennsylvania Supreme Court; rather, as stated above, it was recently *affirmed* by the Court. In reversing this court's decision in *Brion*, the Supreme Court distinguished *Blystone*, stating, "Unlike ... *Blystone* [,] ... the instant case involves conversations taking place in the sanctity of one's home."

2. "[A]n issue can become moot due to an intervening change in the applicable law." *In Re Gross*, 476 Pa. 203, 209, 382 A.2d 116, 120 (1978). In *Gross*, three weeks after oral argument the legislature passed new laws which dealt squarely with issues raised by the plaintiff; thus, there was no longer the need to assess the validity of the former legislation. *Id.* at 211–13, 382 A.2d at 121–22.

Commonwealth alternatively asserts that the holding is inapplicable to the facts of the instant case. Namely, the Commonwealth declares that the *Schaeffer* decision carved out a narrow requirement that one person consensual recordings conducted in the *home* of a defendant require a warrant based upon probable cause. It follows, the Commonwealth argues, that since Bannister testified that he did not live at 35 South Ann Street, the *Schaeffer* holding is inapplicable and counsel cannot be held ineffective for choosing not to pursue a meritless claim. We must decide, therefore, whether Bannister's trial counsel was ineffective for failing to move to suppress evidence relating to Bannister's electronically recorded conversations. *Schaeffer, supra,* 539 Pa. at 271, 652 A.2d 294.

Specifically, Bannister asserts that the information received from the taped conversations of the controlled buy was obtained as a fruit of the illegal recording and should have been suppressed. Additionally, he points out that the recordings were utilized to obtain a search warrant for 35 South Ann Street and, since there was no warrant based on probable cause for the electronic seizure of the communications between the informant and Bannister, and the subsequent search warrant was based upon the illegal electronic recording, the fruits of the search should have been suppressed.

As set forth above, the Commonwealth argues that since Bannister testified that 35 South Ann Street was not his home, the rule in *Schaeffer* did not apply. The record reveals that Bannister testified that his home is in Queens, New York. He also testified that he was staying with his girlfriend at "458 Atlantic" in Lancaster between the dates of June 12, 1992 and July 1, 1992 and that he "never" lived at 35 South Ann Street, where the drugs were found. The trial testimony also revealed, however, that Bannister did reside at 35 South Ann Street. Bridget Cooper, whose name appears on the lease for 35 South Ann Street, testified that Bannister moved in with her approximately three weeks before his arrest for the drug charges. This question of whether or not Bannister was actually residing at 35 South Ann Street at the relevant time is, as recognized by the Commonwealth, a key issue and, in

light of *Schaeffer*, should have been explored by trial counsel at an earlier juncture.

 Pursuant to the rule enunciated in *Schaeffer*, we find that Bannister's ineffective assistance of counsel claim has arguable merit. *Johnson, supra,* 527 Pa. at 118, 588 A.2d 1303. Arguably, trial counsel could very well have secured a favorable outcome for Bannister had he moved for suppression of the evidence overheard during the recorded conversation. Assuming the electronic recording tapes were suppressed, it is not clear from the record whether the subsequent search warrant was supported by the requisite probable cause in the absence of the evidence gleaned from the tapes.[3] Even so, we cannot comprehend why counsel would opt to take such a chance.

Trial counsel's inaction at this stage of Bannister's case in no way served to advance his client's interests; rather, counsel's decision not to move for suppression of the evidence could have prejudiced Bannister's right to a fair trial. Had counsel moved for suppression of the evidence in question, the instant verdict, depending upon the trial court's findings regarding where Bannister was residing at the time, most certainly would have been different, for there would have been no conviction absent the evidence seized.

We find it necessary, therefore, to remand for a hearing to explore the issue of whether trial counsel was ineffective in his decision not to move for suppression of the evidence in question.[4]

Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction relinquished.

---

**3.** Probable cause for the issuance of a warrant must appear within the four corners of the supporting affidavit. *Commonwealth v. Simmons,* 450 Pa. 624, 626, 301 A.2d 819, 820 (1973). We have carefully examined the record in this case and can find no supporting affidavit for the search warrant obtained as a result of the electronic recording evidence.

**4.** Because we have remanded this case for an ineffectiveness hearing, we find it unnecessary to address Bannister's remaining claims at this time.