670 A.2d 153

**COMMONWEALTH of Pennsylvania**

v.

**James Michael FOWLER, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1995.

Filed Jan. 11, 1996.

536

Samuel C. Stretton, West Chester, for appellant.

Kenneth A. Osokow, Assistant District Attorney, Williamsport, for Commonwealth, appellee.

Before ROWLEY, P.J.*, CAVANAUGH, BECK, TAMILIA, KELLY, JOHNSON, HUDOCK, FORD ELLIOTT and SAYLOR, JJ.

TAMILIA, Judge:

James Michael Fowler appeals from the Order entered June 10, 1994, denying his petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.* According to the record, on October 31, 1990, the police sent a confidential informant to purchase marijuana from appellant at his residence. The informant, wearing a consensual tape recorder, entered appellant's home and made a purchase of marijuana. The conversation between the two during the sale of marijuana from appellant to the informant was recorded and later transmitted to the monitoring agents. While the district attorney for Lycoming County had authorized the interception, there was no prior court authorization for the use of the recording device. Following a jury trial held on August 21–23, 1991, appellant was found guilty of possession with intent to deliver, delivery of, and possession of marijuana and subsequently sentenced to eight (8) to twenty-three (23) months' imprisonment. Appellant thereafter filed a direct appeal to this Court which affirmed the judgment of sentence on December 17, 1992. *Commonwealth v. Fowler,* 428 Pa.Super. 614, 626 A.2d 644 (1992).

* This decision was reached prior to former President Judge Rowley's retirement from this court.

On January 7, 1994, after appellant retained new counsel, a petition under the PCRA was filed with the trial court. Arguments were heard on April 13, 1994 and the petition subsequently was denied without an evidentiary hearing. A timely appeal was filed to this Court raising four ineffectiveness of trial counsel claims.

■ The PCRA is very specific in setting forth requirements a petitioner must meet in order to be eligible for relief. To be entitled to relief, appellant must show the conviction resulted from "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii); *Commonwealth v. Garnett*, 418 Pa.Super. 58, 613 A.2d 569 (1992), *appeal denied*, 533 Pa. 630, 621 A.2d 577 (1993). This Court has interpreted this to mean that such a claim must raise an issue of whether an innocent individual has been convicted. *Commonwealth v. Grier*, 410 Pa.Super. 284, 599 A.2d 993 (1991), *appeal denied*, 530 Pa. 639, 607 A.2d 250 (1992).

■ Appellant's first argument contends a critical piece of the Commonwealth's evidence was the recording on the informant's body used in appellant's home which subsequently was played to the jury and referred to by the Commonwealth during the course of the trial. Appellant argues the use of this body wire by the Commonwealth in his home was in direct violation of the law established in *Commonwealth v. Schaeffer*, 370 Pa.Super. 179, 536 A.2d 354 (1987), *alloc. granted*, 520 Pa. 596, 552 A.2d 251 (1988), in which this Court, sitting en banc, held, *inter alia*, that the surreptitious recording of a person's conversation in his home violates Article I, Section 8, of our Constitution as an unreasonable search and seizure.[1] *Schaeffer* is very similar factually to the instant case in which the police sent a confidential informant into the house of the

---

1. The Supreme Court's recent decision in *Commonwealth v. Schaeffer*, 539 Pa. 272, 652 A.2d 294 (1994), had not been reached at the time appellant's brief was prepared.

defendant to make a controlled buy of marijuana. Accordingly, appellant contends it was controlling at the time of trial.

At the outset, we note that trial counsel is presumed to have been effective and that the burden is on the defendant to prove otherwise. To establish counsel's ineffectiveness, the defendant must prove that 1) his underlying claim has arguable merit, 2) the course chosen by counsel could have had no reasonable basis designed to serve the defendant's interest, and 3) the defendant was prejudiced by counsel's act or omission.

*Commonwealth v. Ferrari*, 406 Pa.Super. 12, 16, 593 A.2d 846, 847 (1991) (citations omitted).

After a review of the record and analysis of relevant case law existing at the time of trial, we find appellant's first argument to be without merit. At the time of trial, August 21–23, 1991, it appeared the relevant case law in Pennsylvania pertaining to surreptitious recordings in one's home was settled. The trial court, in its Rule 1925 Opinion, relied upon *Commonwealth v. Brion*, 381 Pa.Super. 83, 552 A.2d 1105 (1989), *alloc. granted*, 534 Pa. 652, 627 A.2d 730 (1993),[2] in which a panel of this Court, although not overruling expressly our en banc decision in *Schaeffer*, determined the broad sweeping language of *Commonwealth v. Blystone*, 519 Pa. 450, 549 A.2d 81 (1988), clearly overruled *Schaeffer*. Specifically, the panel held the broad rule in *Blystone* that warrantless participant monitoring does not violate a defendant's rights guaranteed by the Pennsylvania Constitution cannot be limited by the requirement in *Schaeffer* pertaining to monitoring a defendant's home. Accordingly, since at the time of trial the *Brion* Court had held *Blystone* overruled *Schaeffer* sub silentio, we find the trial court correctly determined trial counsel was not ineffective for failing to file a motion to suppress the evidence.

■ The Pennsylvania Supreme Court, in an Opinion filed December 30, 1994, reversed this Court's holding in *Brion*

---

**2.** The Supreme Court's subsequent decision in *Commonwealth v. Brion*, 539 Pa. 256, 652 A.2d 287 (1994), is discussed infra.

and, following *Schaeffer,* held that Article 1, Section 8, of the Pennsylvania Constitution, precludes the police from sending a confidential informant into the home of an individual to electronically record his conversations and transmit them to the police. *Commonwealth v. Brion,* 539 Pa. 256, 652 A.2d 287 (1994). Specifically, the Supreme Court stated an individual reasonably can expect that his right to privacy will not be violated in his home through the use of any electronic surveillance. We find, however, this new rule, which is an amplification on the exclusionary rule, does not have retroactive application. *Commonwealth v. Metts,* 447 Pa.Super. 275, 669 A.2d 346 (1995). (The *Metts* Court held the decision announced in *Brion* pertaining to electronically interrupting conversations is to be applied prospectively since Commonwealth law enforcement officers justifiably relied on the state of the law as it then existed when they obtained consent of informant to intercept conversations with appellant, the Supreme Court's decision established a "clear break" with established law, the decision in *Brion* clearly was not foreshadowed and the administrative burden associated with retroactively applying *Brion* would be overwhelming. Accordingly, trial counsel now cannot be held ineffective for relying on *Brion* and *Blystone* and failing to foresee how our Supreme Court ultimately would rule on this evidentiary issue.

■ Secondly, appellant argues trial counsel was ineffective for not objecting to the admissibility of the tape recording since it was inaudible in many places, of poor quality, of questionable accuracy and it was not possible to accurately identify the speakers.

■ Trial counsel inherently has broad discretion to determine the course of defense tactics employed. *Commonwealth v. Mizell,* 493 Pa. 161, 425 A.2d 424 (1981). The record reveals defense counsel made a tactical decision not to object to the tapes, as it was their defense the voice on the tape at pertinent times was not that of appellant. In light of this defense, it was a reasonable strategy to allow the tapes to be played for the jury. *See Commonwealth v. Carpenter,* 533 Pa.

40, 617 A.2d 1263 (1992). Appellant is not entitled to relief simply because the strategy was unsuccessful. *Commonwealth v. Davis*, 381 Pa.Super. 483, 495–97, 554 A.2d 104, 111 (1989).

■ Appellant next argues trial counsel was ineffective for not objecting to references of unrelated criminal activity of appellant, namely other alleged use and sales of drugs by appellant. Appellant cites to various portions of the trial transcript in support of his argument where counsel did not object to these references, move for a mistrial, or request a limiting instruction, thus permitting the jury to hear appellant was in the business of selling drugs on unrelated occasions.

A review of the various portions of testimony cited by appellant reveals nothing more than vague references to locations for purchasing marijuana, the developing relationship between the confidential informant and appellant and how they came to meet on the particular day in question. We do not find this evidence to be prejudicial or inadmissible. Secondly, any references to appellant's familiarity and use of marijuana simply appear to follow his defense tactics that he was a user but not a seller. In fact, appellant testified, "I am a user, I am a smoker, I am not a dealer." (N.T., 8/23/91, p. 189.) Accordingly, we find trial counsel's actions consistent with the course of defense tactics employed. *Mizell, supra.* Again, appellant is not entitled to relief simply because the strategy was unsuccessful. *Davis, supra.*

■ Finally, appellant argues trial counsel was ineffective for failing to object to the judge's jury instruction on the accomplice charge involving a corrupt source. Specifically, appellant contends a fair reading of the charge states if the jury believes the accomplice beyond a reasonable doubt then appellant is guilty. Appellant argues this is an improper instruction which invades the jury's fact finding process.

■ When reviewing a jury instruction to determine whether an error has been committed by a trial court, the charge must be considered as a whole and not in isolated excerpts. *Commonwealth v. Harper,* 419 Pa.Super. 1, 614

A.2d 1180 (1992). A jury instruction will be upheld so long as it "sufficiently and accurately apprises a lay jury of the law it must consider in rendering its decision." *Commonwealth v. Prosdocimo,* 525 Pa. 147, 153–55, 578 A.2d 1273, 1276 (1990). A review of the entire jury charge demonstrates that taken as a whole, the jury was given an accurate appraisal of the legal principles relating to the testimony of an accomplice. Moreover, a review of the record finds the trial judge limited the instruction to the July 11, 1990 transaction, of which appellant was acquitted. Accordingly, we find this argument to be without merit.

Finding each of appellant's ineffectiveness claims to be without merit we affirm the Order of June 10, 1994 denying his PCRA petition.

Order affirmed.

Concurring Opinion by JOHNSON, J., joined by FORD ELLIOTT, J.

JOHNSON, Judge, concurring:

I agree with my distinguished colleagues that each of James Michael Fowler's ineffectiveness claims are without merit. However, I am unable to join with so much of the Majority Opinion as discusses the prospective application of *Commonwealth v. Brion,* 539 Pa. 256, 652 A.2d 287 (1994), as later analyzed in *Commonwealth v. Metts,* 447 Pa.Super. 275, 669 A.2d 346 (1995).

In examining a claim of ineffectiveness, we cannot impose upon trial counsel the qualities of a seer and fault him for not foreseeing a change in the law. *Commonwealth v. Triplett,* 476 Pa. 83, 89, 381 A.2d 877, 881 (1977). Instead, "we examine counsel's stewardship under the standards as they existed at the time of his action." *Id.* "[C]ounsel will not be deemed ineffective for failing to predict future developments in the law." *Id.* As the Majority points out, at the time of Fowler's trial, relevant case law pertaining to surreptitious recordings in one's home was settled. Neither the fact that the Pennsylvania Supreme Court reversed this Court's holding in *Brion*

some three years after Fowler's trial, nor this Court's consideration of the retroactive effect of that decision, have any bearing on counsel's stewardship in 1991 during Fowler's trial. *Triplett, supra.*

Further, I believe that this Court is without authority to engage in a retroactivity analysis of a decision declared by the Supreme Court of Pennsylvania where that effect can be determined under rules clearly laid down by the Supreme Court. *See Metts, supra* (Concurring and Dissenting Opinion, Johnson, J.). I am unable, therefore, to join my esteemed colleagues in their declaration that the rule set forth by our supreme court in *Brion, supra,* does not have retroactive application.

FORD ELLIOTT, J., joins.