J-S41037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLIAM JOHN MUFFLEY | |
| Appellant | No. 364 EDA 2014 |

Appeal from the PCRA Order January 7, 2014
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0002692-2009

BEFORE:  BOWES, J., DONOHUE, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:               **FILED NOVEMBER 13, 2014**

Appellant, William John Muffley, appeals *pro se* from the January 7, 2014 order dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The relevant facts and procedural history of this case may be summarized as follows.  On October 4, 2010, Appellant was found guilty in a bench trial of one count each of robbery, terroristic threats, theft by unlawful taking or disposition, and possession of instruments of crime (PIC),[1] in connection with his June 26, 2009 robbery of Wachovia Bank in Northampton, Pennsylvania.  On November 14, 2011, the trial court

---

[1] 18 Pa.C.S.A. §§ 3701, 2706, 3921, and 907, respectively.

sentenced Appellant to an aggregate term of ten to 23 years' imprisonment. This Court affirmed Appellant's judgment of sentence on August 14, 2012, and our Supreme Court denied Appellant's petition for allowance of appeal on February 13, 2013. *See Commonwealth v. Muffley*, 60 A.3d 569 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 63 A.3d 776 (Pa. 2013).[2]

On September 9, 2013, Appellant filed a timely *pro se* PCRA petition. On September 12, 2013, the PCRA court appointed Matthew C. Potts, Esquire (Attorney Potts) to represent Appellant. Attorney Potts did not file an amended PCRA petition on Appellant's behalf, but did represent Appellant at his October 25, 2013 PCRA evidentiary hearing. On November 21, 2013, Attorney Potts requested leave to withdraw as counsel in accordance with *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny. On November 25, 2013, the PCRA court provided Appellant with notice of its intent to dismiss his petition, pursuant to Pennsylvania Rule of Criminal Procedure 907.[3] On December 9, 2013, Appellant filed a *pro se* response,

---

[2] Appellant was represented at trial by Mark Minotti, Esquire and on direct appeal by Brian M. Monahan, Esquire (Attorney Monahan).

[3] Since the PCRA court previously conducted an evidentiary hearing on the merits of the issues raised in Appellant's *pro se* PCRA petition, the PCRA court was not required to file a Rule 907 notice. *See generally* Pa.R.Crim.P. 907(1) (stating, "[i]f the judge is satisfied from this review that
*(Footnote Continued Next Page)*

wherein he reiterated the arguments raised in his PCRA petition, challenged the effectiveness of Attorney Potts' representation at his PCRA proceedings, and requested to proceed *pro se*. **See** Appellant's Response to Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 12/9/13, at 2-3.

Thereafter, on January 7, 2014, the PCRA court entered an order granting Attorney Potts' request to withdraw. That same day, the PCRA court entered a second order dismissing Appellant's PCRA petition. This timely appeal followed on January 23, 2014.[4] On August 19, 2014, this Court affirmed the PCRA court's order in an unpublished memorandum. Appellant filed a timely petition for reconsideration and reargument on August 29, 2014. On September 19, 2014, this Court entered an order granting panel reconsideration and withdrawing our August 19, 2014 memorandum. This Court's order instructed the parties that no further briefing would be required. Superior Court Order, 9/19/14, at 1.

*(Footnote Continued)* ─────────────

there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal[]"). Rather, the PCRA court should have proceeded under Rule 908, which pertains to dispositions after a hearing. **See generally id.** at 908(D), 908 (D)(1) (stating, "[u]pon the conclusion of the hearing the judge shall determine all material issues raised by the defendant's petition and the Commonwealth's answer, or by the Commonwealth's motion to dismiss, if any … [and i]f the judge dismisses the petition, the judge promptly shall issue an order denying relief[]").

[4] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Appellant raises the following issues for our review.

[1.] Whether the PCRA court improperly denied [Appellant's] PCRA without providing it's [sic] reasons for each of the claims raised in [Appellant's] PCRA petition?

[2.] Whether the PCRA court improperly denied [Appellant] relief with respect to [Appellant's] claim of a violation of his speedy trial rights pursuant to Pa.R.Crim.P. 600, and protected by the Pennsylvania Constitution Article I, § 9, and U.S. Constitution Amendment VI?

[3.] Whether the PCRA court improperly denied [Appellant] relief when it failed to address the specific merits of [Appellant's] claim that a bank video existed, of which 22 still photographs were derived from, a violation of the Pennsylvania Rules of Evidence, Rule 1002, and a violation of the "Best Evidence Rule[,]" [] where the contents of the video were being sought?

[4.] Whether the PCRA court improperly dismissed [Appellant's] claim that his direct appeal counsel failed to address the issue of "insufficiency of evidence" to sustain a verdict on appeal, as [Appellant] properly laid out a "layered" claim in effectiveness [sic] against direct appeal counsel in his timely filed PCRA?

[5.] Whether PCRA counsel erred when it failed to submit a brief that was requested by the PCRA court following an evidentiary hearing and [] in the alternative, filed a [*Turner*/]*Finley* letter without investigating or illuminating upon the specific merits of [Appellant's] claims as argued in [Appellant's] *pro se* PCRA petition, and subsequent testimony from the evidentiary hearing?

Appellant's Brief at 3.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." **Commonwealth v. Robinson**, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

In his first issue, Appellant avers the PCRA court "dismissed [his] PCRA [p]etition without providing it's [sic] own reasons for determining that each of the three (3) claims Appellant raised were without merit." Appellant's Brief at 11. The PCRA court acknowledges that it did not address all of Appellant's issues. PCRA Court Opinion, 2/19/14, at 2. The PCRA court concluded that it was not required to do so because Appellant "is not entitled to PCRA relief on any basis as a result of his admission during the PCRA hearing that he is the individual depicted in photos illustrating the crime in

progress." ***Id.*** The PCRA court cited exclusively to this Court's decision in ***Commonwealth v. Fowler***, 670 A.2d 153 (Pa. Super. 1996) (*en banc*), *affirmed*, 703 A.2d 1027 (Pa. 1997), for the proposition that a claim of ineffective assistance of counsel "must raise an issue of whether an innocent individual has been convicted." ***Id.*** at 154.

In ***Fowler***, this Court noted that Section 9543(a)(2)(ii) of the PCRA permits claims of "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." ***Fowler***, ***supra*** at 154, *quoting* 42 Pa.C.S.A. § 9543(a)(2)(ii). The ***Fowler*** Court also observed, "[t]his Court has interpreted this to mean that such a claim must raise an issue of whether an innocent individual has been convicted." ***Id.*** Although our Supreme Court affirmed this Court's decision in ***Fowler***, our Supreme Court did not mention this specific construction of Section 9543(a)(2)(ii).

In ***Commonwealth ex. rel. Dadario v. Goldberg***, 773 A.2d 126 (Pa. 2001), our Supreme Court "interpreted the language from Section 9543(a)(2)(ii) requiring proof that counsel's ineffectiveness 'so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place' as embodying the prejudice element of the Sixth Amendment standard for ineffectiveness claims articulated in ***Strickland*** [***v. Washington***, 466 U.S. 668 (1984)]." ***Id.*** at 129, *quoting*

42 Pa.C.S.A. § 9543(a)(2)(ii). Our Supreme Court further held that the General Assembly did not intend to use that clause in Section 9543(a)(2)(ii) as a limitation on the claims of ineffective assistance of counsel that may be alleged in a PCRA petition. *Id.* at 130. Thus, the PCRA court erred in relying on *Fowler* in its legal analysis.

However, as an appellate court, "we may affirm the decision of the [PCRA] court if there is any basis on the record to support the [PCRA] court's action; this is so[,] even if we rely on a different basis." *Commonwealth v. Wiley*, 966 A.2d 1153, 1157 (Pa. Super. 2009) (citation omitted). In this case, we are able to engage in meaningful appellate review based on the record before us. Therefore, we need not remand this case, as the certified record contains adequate information necessary to dispose of Appellant's remaining issues. *See, e.g.*, *Commonwealth v. Hood*, 872 A.2d 175, 178 (Pa. Super. 2005) (declining to remand for a Rule 1925(a) opinion where "the notes of testimony from the hearing … adequately apprise[d this Court] of the trial court's reasoning in relation to the … issues raised[]"), *appeal denied*, 889 A.2d 88 (Pa. 2005).[5]

---

[5] Although the PCRA court "did not address each issue *seriatim*" in its Rule 1925(a) opinion, we conclude the PCRA court did conduct its required independent review under *Turner*/*Finley*. PCRA Court Opinion, 2/19/14, at 2. The PCRA court conducted a full merits hearing on Appellant's PCRA issues. Further, when dismissing Appellant's petition, the PCRA court noted it made "an independent review of the record." Trial Court Order, 1/7/14, at 1. Because the lack of merit of Appellant's issues is evident from the record,
*(Footnote Continued Next Page)*

We elect to address Appellant's next two issues together. Appellant avers that the PCRA court erred in not granting him relief on the ground that his speedy trial rights under Pennsylvania Rule of Criminal Procedure 600 were violated. Appellant's Brief at 13. In his third issue, Appellant argues that the PCRA court erred in denying him relief on his claim that the Commonwealth violated the best evidence rule by not producing an original surveillance video instead of 22 still photographs taken from the same. *Id.* at 20.

In order to be eligible for relief under the PCRA, the statute requires the petitioner to show the following by a preponderance of the evidence.

### § 9543. Eligibility for relief

**(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

…

(2) That the conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable

*(Footnote Continued)* —————————————

we do not interpret the strictures of *Turner*/*Finley* and their progeny as requiring remand to the PCRA court for further articulation of alternative bases for concluding Appellant's PCRA issues are without merit.

adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

(3) That the allegation of error has not been previously litigated or waived.

…

42 Pa.C.S.A. § 9543(a). An issue is waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." ***Id.*** § 9544(b).

In the case *sub judice*, Appellant did file a direct appeal in this Court after his judgment of sentence was imposed. Appellant could have raised his Rule 600 and best evidence rule arguments during his direct appeal, but he did not. Therefore, the issues are waived under the parameters of the PCRA. ***See id.*** §§ 9543(a), 9544(b); ***accord Commonwealth v. Rachak***, 62 A.3d 389, 391 (Pa. Super. 2012), *appeal denied*, 67 A.3d 796 (Pa. 2013). Therefore, Appellant's second and third issues do not warrant relief.

In his fourth issue, Appellant avers that direct appeal counsel was ineffective for not raising the issue of sufficiency of the evidence during his direct appeal. Appellant's Brief at 24. We begin our analysis of this issue by noting our standard of review regarding ineffective assistance of counsel claims.

In analyzing claims of ineffective assistance of counsel, "[c]ounsel is presumed effective, and [appellant] bears the burden of proving otherwise." ***Fears***, ***supra*** at 804 (brackets in original; citation omitted). To prevail on any claim of ineffective assistance of counsel, a PCRA petitioner must allege and prove "(1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different." ***Commonwealth v. Simpson***, 66 A.3d 253, 260 (Pa. 2013). "A claim of ineffectiveness will be denied if the petitioner's evidence

fails to satisfy any one of these prongs." ***Commonwealth v. Elliott***, 80 A.3d 415, 427 (Pa. 2013) (citation omitted).

"With regard to the second, reasonable basis prong, 'we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis.'" ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1127 (Pa. 2011) (citation omitted). "[W]e only inquire whether counsel had any reasonable basis for [her] actions, not if counsel pursued the best available option." ***Commonwealth v. Philistin***, 53 A.3d 1, 10 (Pa. 2012) (citation omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." ***Commonwealth v. Carson***, 913 A.2d 220, 226-227 (Pa. 2006) (citation omitted), *cert. denied*, ***Carson v. Pennsylvania***, 552 U.S. 954 (2007).

In this case, direct appeal counsel testified at the PCRA hearing regarding this issue as follows.

> [Commonwealth]:
>
> Q:     You filed your 1925(b) statement?
>
> [Attorney Monahan]:
>
> A:     Correct.
>
> Q:     According to [Appellant]'s petition, one of your allegations in your 1925(b) statement is that the trial

- 11 -

court improperly denied [Appellant]'s motion for judgment of acquittal, did you do --

A:    Yes, I prepared that.

Q:    You also raised an issue whether the evidence presented by the Commonwealth at trial was insufficient to sustain a guilty verdict of robbery -- threat of imminent bodily injury, you include that in your 1925(b)?

A:    Yes, I believe so.

Q:    I have the brief in front of me.  I believe the 1925 was attached.  Yes, on a direct appeal.  I briefed four separate questions.

…

Q:    The two areas regarding your 1925(b) statement about insufficiency of the evidence, weight of the evidence and so forth, did you brief those?

A:    No.

Q:    Why not?

A:    My review of the record – by the way, this was a bench trial before Judge Roscioli, it would indicate to me that there was insufficient -- an insufficient basis to brief those items.

As I recollect, [Appellant] was charged with robbery of a bank.  He went in to the bank in the morning.  He was assisted by tellers in the bank and conducted some type of business.  Later on in the day, he went back into the bank and the same tellers apparently assisted him and recognized him.  It is my understanding that there was some type of surveillance, whether it was photographs -- I believe it was photograph stills that clearly indicate who it was.

Judge Roscioli not only found [Appellant] guilty beyond a reasonable doubt, but I think she had used the words to the extent that there was absolutely no doubt that [Appellant] is the one that committed the crimes. Really it is just not her words on the record. There was no basis. There was nothing missing of the elements of the crime of robbery. There was no missing elements of the crime or any other crimes that would lead an appeal [sic] court to find the verdict was improper.

N.T., 10/25/13, at 38-41.

"It is well settled that appellate counsel is entitled, as a matter of strategy, to forego even meritorious issues in favor of issues he believes pose a greater likelihood of success." **Commonwealth v. Jette**, 23 A.3d 1032, 1043 (Pa. 2011) (citation omitted). To the contrary, our Supreme Court has emphasized, "[t]he process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy[.]" **Commonwealth v. Robinson**, 864 A.2d 460, 480 (Pa. 2004), *quoting* **Smith v. Murray**, 477 U.S. 527, 536 (1986) (further citation omitted).

In this case, Attorney Monahan raised, briefed, and litigated four different issues to this Court during Appellant's direct appeal. **See generally Muffley**, **supra** at 3-19. Attorney Monahan testified at the PCRA hearing that he selected these four issues based on his professional judgment that they stood the best chance of success on appeal. Specifically, his review of the record demonstrated to him that any challenge to the sufficiency of the Commonwealth's evidence would have been unsuccessful.

N.T., 10/25/13, at 40-41. Our cases permitted Attorney Monahan to make this professional judgment. *See Jette*, *supra*; *Robinson*, *supra*. Nothing contained within Appellant's brief on this issue convinces us that Attorney Monahan lacked a reasonable basis in deciding not to brief sufficiency of the evidence in this Court. To the contrary, most of Appellant's points in his brief highlight alleged inconsistencies of testimony and evidence. *See* Appellant's Brief at 25-26. It is axiomatic that such inconsistencies go to the weight of the evidence, not its sufficiency. *Commonwealth v. Boxley*, 808 A.2d 608, 612 (Pa. 2003). Based on these considerations, we conclude, at a minimum, Appellant has not met his burden to show that Attorney Monahan lacked a reasonable basis for not pursuing a sufficiency of the evidence argument on direct appeal. Therefore, Appellant is not entitled to relief on this issue.

In his fifth issue, Appellant avers that Attorney Potts was ineffective by failing to file either an amended PCRA petition or post-hearing brief on his behalf, in lieu of a *Turner*/*Finley* letter. *See* Appellant's Brief at 26-28. The courts of this Commonwealth have long recognized the procedural posture PCRA counsel may follow under *Turner/Finley* when they believe a petitioner's claims lack merit.

> The *Turner/Finley* decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The

> necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court … if the no-merit letter is filed before it … then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1184 (Pa. Super. 2012) (internal citation omitted), *appeal denied*, 64 A.3d 631 (Pa. 2013).

In this case, Appellant acknowledges in his brief that Attorney Potts has complied with the technical requirements of *Turner/Finley*. *See* Appellant's Brief at 27 (acknowledging that, "PCRA counsel seemingly complied with the requirements of [*Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. 2006)]"). As a result, Attorney Potts was not required to file an amended PCRA petition or brief in the PCRA court on his behalf. *See Rykard*, *supra*. Therefore, as Appellant does not directly challenge the adequacy of Attorney Potts' *Turner*/*Finley* letter, he cannot show how Attorney Potts was ineffective in this regard.[6] *Cf. Rykard*, *supra* (stating, "[a] claim that the PCRA court erred as a matter of law in permitting counsel to withdraw, although necessarily discussing PCRA counsel's alleged ineffectiveness, is not an ineffectiveness claim[]").

---

[6] We note that Appellant raised this issue in his *pro se* response to the PCRA court's Rule 907 notice. *See* Appellant's Response to Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 12/9/13, at 2.

In addition, Appellant has not identified any meritorious arguments that Attorney Potts should have raised either in an amended PCRA petition or in a post-hearing brief to the PCRA court. As a direct result of this omission, Appellant cannot show how he was prejudiced by PCRA counsel's failure to do so. **_See generally Commonwealth v. Reid_**, --- A.3d ---, 2014 WL 4097636, *3 (Pa. 2014) (stating, "prejudice [in the context of the PCRA, is] measured by whether there is a reasonable probability that the result of the proceeding would have been different[]").

Based on the foregoing, we conclude that all of Appellant's issues are waived or devoid of merit. Accordingly, the PCRA court's January 7, 2014 order is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2014